Humberto M. Guizar, Esq., (SBN 125769)
 hguizar@ghclegal.com
Christian Contreras, Esq., (SBN 330269)
 ccontreras@ghclegal.com
**THE LAW OFFICES OF HUMBERTO GUIZAR**
**A PROFESSIONAL CORPORATION**
Justice X Building
3500 W. Beverly Blvd.,
Montebello, California 90640
Telephone: (323) 725-1151
Facsimile: (323) 597-0101

Stephen A. King, Esq., (SBN 224683)
 sking@kingsjusticelaw.com
**KINGS JUSTICE, LLC**
9401 Wilshire Blvd Ste. 608
Beverly Hills, CA 90212
Telephone: (323) 546-4529

Attorneys for Plaintiff,
MARIA LOWRIE, individually,
and as successor in interest to ERNIE SERRANO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA LOWRIE, Individually, and as Successor in Interest to ERNIE SERRANO,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF RIVERSIDE, a legal subdivision of the State of California; DOE DEPUTIES 1-10, individually; STATER BROS. MARKETS, a California Corporation; DOE SECURITY COMPANY, an entity, and DOES 11-15, inclusive,<br><br>Defendants. | **CASE NO:**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Unreasonable Detention (42 U.S.C. § 1983);<br>2. Unreasonable Search and Seizure - Excessive Force (42 U.S.C. § 1983);<br>3. Denial of Medical Care (42 U.S.C. § 1983);<br>4. Failure to Intervene - Bystander Liability (42 U.S.C. § 1983);<br>5. Substantive Due Process (42 U.S.C. § 1983);<br>6. Municipal Liability for Unconstitutional Custom, Practice, or Policy (*Monell*) (42 U.S.C. § 1983);<br>7. Assault And Battery (Wrongful Death)<br>8. Negligence (Wrongful Death)<br><br>**DEMAND FOR JURY TRIAL** |

1

### COMPLAINT FOR DAMAGES

1.      Plaintiff MARIA LOWRIE individually, and as successor in interest to ERNIE SERRANO (hereinafter sometimes referred to as "DECEDENT" or "SERRANO") brings this action against the COUNTY OF RIVERSIDE (hereinafter also referred to as "COUNTY"), DOE DEPUTIES 1-10, STATER BROS. MARKETS (hereinafter also referred to as "STATER BROS."), DOE SECURITY COMPANY, and DOES 11-15, inclusive and allege as follows:

2.      This action seeks compensatory and punitive damages from individual deputy sheriffs, from senior sheriff's department officials, and from the County of RIVERSIDE for violations state law and fundamental rights under the United States Constitution in connection with the brutal police shooting and killing of ERNIE SERRANO on December 15, 2020. This action also seeks compensatory and punitive damages from STATER BROS. and DOE SECURITY COMPANY DOES 11-15 for actions which also led to the death of ERNIE SERRANO. Decedent ERNIE SERRANO was beaten, tased, tackled, pummeled, and ultimately asphyxiated by Defendant, COUNTY, DOE DEPUTIES 1-10 on December 15, 2020 inside the Stater Bros. Market in Jurupa Valley, Riverside County California.

### PARTIES

3.      At all relevant times up until his death, ERNIE SERRANO was an individual residing in the County of Riverside, California.

4.      Plaintiff MARIA LOWRIE is an individual residing in Los Angeles, County and is the mother of Decedent SERRANO. Plaintiff MARIA LOWRIE sues in her individual capacity as mother of the DECEDENT, and in a representative capacity as successors-in-interest to Decedent and THE ESTATE OF SERRANO pursuant to California C.C.P. Section 377.32. Plaintiff MARIA LOWRIE is an "heir at law" (C.C.P. Section 373.60, wrongful death) and a "successors-in-interest" (C.C.P. Section 377.30, survival) to Decedent SERRANO. Plaintiff MARIA LOWRIE seeks both wrongful death and survival

PLAINTIFF'S COMPLAINT FOR DAMAGES

1   damages under federal and state law.

2       5.      Furthermore, Plaintiff MARIA LOWRIE seeks all damages available
3   under federal and state law including under C.C.P. Section 373.60 (wrongful death);
4   C.C.P. Section 373.30 (survival) and under federal law for wrongful death and
5   survival. The damages sought by Plaintiff MARIA LOWRIE for the death of her son,
6   SERRANO, include for loss of DECEDENT's love, companionship, comfort, care,
7   assistance, protection, affection, society, moral support; loss of financial support and
8   earning capacity; loss of gifts and benefits; funeral and burial expenses; loss of
9   relationship with Decedent, including loss of society and companionship and the
10  mental, physical and emotional pain and suffering of Decedent and all other damages
11  allowed under federal and state law. Plaintiffs the ESTATE OF ERNIE SERRANO
12  appear through its successors-in-interest, the Plaintiff MARIA LOWRIE.

13      6.      Defendant COUNTY is a chartered subdivision of the State of
14  California with the capacity to sue and be sued. Defendant COUNTY is responsible
15  for the actions, omissions, policies, procedures, practices and customs of its various
16  agents and agencies, including the Riverside County Sheriff's Department
17  (hereinafter sometimes "RCSD"), and its agents and employees. At all times relevant
18  to the facts alleged herein, Defendant COUNTY was responsible for assuring that the
19  actions, omissions, policies, procedures, practices and customs of the RCSD and its
20  employees and agents complied with the laws and the Constitution of the United
21  States and of the State of California.

22      7.      At all relevant times, Defendants DOE DEPUTIES 1-10 were
23  employees of the RCSD. At all times relevant, Defendant DOE DEPUTIES, and each
24  of the Defendants Does 1-10 were employees and/or agents of Defendant COUNTY
25  and each of these individual defendants acted under color of law, to wit, under the
26  color of the statutes, ordinances, regulations, policies, customs, and usages of
27  Defendant COUNTY and the RCSD, as well as under the color of the statutes and
28  regulations of the State of California.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

8. At all relevant times, Defendants DOE DEPUTIES 1-10, inclusive, were duly authorized employees and agents of COUNTY, who were acting under color of law within the course and scope of their individual and/or representative capacities and respective duties as deputies and law enforcement agents and with the complete authority and ratification of their principal, Defendant COUNTY.

9. In doing the acts and failing and omitting to act as hereinafter described, Defendants DOE DEPUTIES 1-10 were acting on the implied and actual permission and consent of COUNTY.

10. The true names of defendants Does 1 Through 15, inclusive, are unknown to Plaintiff, who therefore sues these defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

11. Defendants DOE DEPUTIES 1-10 are sued in their individual capacities for damages only.

12. At all times relevant to the facts alleged herein, Defendants, including DOE DEPUTIES 1-10 are duly appointed, qualified and acting officers, employees, and/or agents of COUNTY and RCSD, employed as such by Defendants, and acting within the course and scope of their employment and/or agency and under color of state law. Each of the Defendants and Doe Defendants caused and is responsible for the unlawful conduct and resulting by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so by authorizing, acquiescing, condoning, acting, omitting or failing to take action to prevent the unlawful conduct by promulgating or failing to promulgate policies and procedures pursuant to which the unlawful conduct occurred; by failing and refusing, with deliberate indifference to Plaintiff's rights, to initiate and maintain adequate supervision, security, training, compliance with responsibilities and duties, and

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

staffing; by failing to maintain proper and adequate policies, procedures and protocols; and by ratifying and condoning the unlawful conduct performed by agents and officers, deputies, and employees under their direction and control.

13.     Each of the Defendants caused and is responsible for the unlawful conduct and resulting, by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so; by authorizing, acquiescing or failing to take action to prevent the unlawful conduct; by promulgating policies and procedures pursuant to which the unlawful conduct occurred; by failing and refusing, with deliberate indifference to Plaintiff and DECEDENT's rights, to initiate and maintain adequate supervision and/or training; and, by ratifying the unlawful conduct that occurred by agents and peace officers under their direction and control. Whenever and wherever reference is made in this Complaint to any act by a Defendant, such allegation and reference shall also be deemed to mean the acts and failures to act of each Defendant individually, joint, and severally. They are sued in their individual and official capacities and in some manner are responsible for the acts and omissions alleged herein. Plaintiff will ask leave of this Court to amend this Complaint to allege such name and responsibility when that information is ascertained. Each of Defendants is the agent of the other and the actions of each of the Defendants were ratified by the other Defendants.

14.     Plaintiff has filed governmental claims against the County of Riverside for State claims arising from the incident that is the subject of this complaint prior to the filing of this action. Plaintiff will seek leave to amend this complaint to add the state claims in this action when the time to include said causes of action is appropriate.

15.     Whenever and wherever reference is made in this Complaint to any act by Defendants and Doe Defendants, such allegations and references shall also be deemed to mean the acts and failures to act of each Defendants individually, jointly or severally.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1                                    **JURISDICTION AND VENUE**

2       16.    This action was properly filed in the United States District Court for the

3 Central District of California for the redress of alleged depravations of constitutional

4 rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, the Fourth and

5 Fourteenth Amendment of the United States Constitution, and the California

6 Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1343. Supplemental

7 jurisdiction for the state law claims is founded on 28 U.S.C. § 1367.

8       17.    Venue is proper in this Court because all incidents, events, and

9 occurrences giving rise to this action occurred in, the County of Riverside, California.

10 Plaintiff herein timely filed this action within all applicable statutes of limitations.

11                                  **FACTUAL ALLEGATIONS**

12       18.    On December 15, 2020, every peace officer in California certified by

13 Peace Officer Standards and Training ("POST"), including Defendants DOE

14 DEPUTIES 1-10, are required to only use force which is necessary to make an arrest

15 or subdue an resistive person because peace officers are responsible, at all times, for

16 the safety and well-being of person they take or attempt to into their custody. Properly

17 trained peace officers understand improper restraining techniques can block the flow

18 of air into the individual's lungs contributing to a life-threatening condition known as

19 Positional, or Restraint, Asphyxia. Properly trained peace officers also understand

20 they have multiple effective options available such as avoiding compression of the

21 chest, rolling the subject over on his side, sitting or standing the subject up, proper

22 hobbling methods (which excludes hogtying), sitting the subject upright in the police

23 unit, summoning emergency medical services to the scene early so that chemical

24 restraints may be employed, etc. Further, chest compression, the presence of

25 stimulants or illicit drugs and the fact that many victims of positional/restraint

26 asphyxia have been involved in physical exertion prior to their restraint all work

27 together to result in a scenario that can cause sudden death. Key risk factors include

28 all or some of the following conditions: 1) Obesity; 2) Pre-existing medical

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

conditions such as heart problems or head and neck injuries; 3) The length of any struggle; 4) The physical environment in which the struggle takes place; 5) Whether the suspect suffers from a mental condition; 6) Whether the suspect has been drinking alcohol; and 7) The presence of depressant or stimulant drugs.

19.     On December 15, 2020 at approximately 8:10 P.M., Decedent SERRANO was a patron at the Stater Bros. Market located at 5571 Mission Blvd Jurupa Valley, Riverside County, California, 92509.

20.     Upon information and belief, Defendant DOE SECURITY COMPANY's agent and/or security officer DOE 11, approached SERRANO and began to pester him. Defendant DOE SECURITY COMPANY's agent and/or security officer(s) DOES 11-12 thereafter began to use physical force against SERRANO.

21.     Upon information and belief, SERRANO never punched, spit, kicked, slapped, struck smacked, or otherwise hit Defendant DOE SECURITY COMPANY's agent and/or security office, nor the employees or agents of Defendant STATER BROS., DOES 11-15.

22.     Despite SERRANO not punching, spitting, kicking, slapping, striking smacking, or otherwise hitting Defendant DOE SECURITY COMPANY's agent and/or security officer, nor the employees or agents of Defendant STATER BROS., DOES 11-15, Defendants DOES 11-15 provided COUNTY with false and fraudulent information by stating SERRANO committed an assault with a deadly weapon prompting RCSD DOE DEPUTIES to respond to the STATER BROS.

23.     On December 15, 2020 while at the STATER BROS., Decedent SERRANO was not armed with any weapon.

24.     After approximately five (5) minutes of a physical encounter between SERRANO and DOE SECURITY COMPANY's agent and/or security officer, SERRANO became exacerbated, fatigued and his blood pressure began to rise due to the physical nature of the physical encounter.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

25. As soon as Defendants DOE DEPUTIES 1-5 arrived at STATER BROS. it was evident SERRANO was not committing an assault with a deadly weapon, and he was unarmed.

26. Upon information and belief, Defendants DOE DEPUTIES 1-5 failed to use verbalization techniques to defuse the situation and escalated a very minor situation, into a fatal situation.

27. Immediately as soon as Defendants DOE DEPUTIES arrived at STATER BROS., Defendant DOE DEPUTY 2 used an Electronic Immobilization Device ("TASER") on SERRANO causing him great pain. Instead of becoming aggressive or agitated towards Defendants DOE DEPUTIES 1-5, SERRANO turned his body away from Defendants DOE DEPUTIES 1-5 while painful electrical surges from the TASER permeated throughout his body.

28. After twenty (20) seconds of being subjected to Defendant DOE DEPUTY 2 using the TASER on SERRANO, SERRANO fell to the floor on his back. SERRANO was able to get up slowly and still did not become aggressive or agitated towards any of the Defendants. SERRANO remained facing away from Defendants DOE DEPUTIES 1-5 after being tased, falling, and getting back up.

29. Despite SERRANO's pacifism and totality of circumstances, Defendants DOE DEPUTIES used unreasonable physical force on SERRANO. Defendant DOE DEPUTY 1 retrieved a baton and began forcefully striking SERRANO on his arms and legs. Defendant DOE DEPUTY 1 struck SERRANO at least seven (7) times throughout his body. SERRANO was helpless and did not fight back as he continued to endure the assault.

30. Not satisfied with tasing and beating SERRANO, Defendant DOE DEPUTY 3 tackled SERRANO to the floor and began pummeling SERRANO with his fists.

31. Thereafter for (7) minutes Defendants Does 1-5 tortured ERNIE with unreasonable and shocking action that led to SERRANO's death. Specifically, DOE

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1   DEPUTIES 1-5 threw SERRANO to the floor, then placed SERRANO on his
2   stomach on top of the STATER BROS. checkout stand while Defendants DOE
3   DEPUTIES 2-5 then pinned SERRANO down and slammed his head on the checkout
4   stand.

5        32.   SERRANO immediately began crying and screaming for help when he
6   was placed on his stomach. After one (1) minute of being placed on his stomach he
7   screamed to Defendants DOE DEPUTIES "*I can't breathe man*." Despite
8   SERRANO's pleas for help including his plea that he could not breath, Defendants
9   DOE DEPUTIES continued to hold SERRANO pinned down on his stomach for over
10  six minutes.

11       33.   While Defendants DOE DEPUTIES 2-5 pinned SERRANO down
12  SERRANO's airways were constricting which was interfering with his ability to
13  breathe and have oxygen fill his lungs.

14       34.   Throughout the entire seven (7) minutes that SERRANO was placed on
15  his stomach and pinned down to the checkout stand, SERRANO can be heard saying,
16  "help me" and "please let me go."

17       35.   After three (3) minutes of holding SERRANO flat on his stomach
18  restricting his breathing, Defendants DOE DEPUTIES placed a spit mask around
19  SERRANO's neck and they are continuing holding him down pinned to the checkout
20  stand. SERRANO can be heard saying "take the mask off me" while coughing out
21  blood he was apparently choking on.

22       36.   Finally, after approximately six (6) minutes and forty (40) seconds of
23  pinning SERRANO down with the full force of Defendants DOE DEPUTIES, one
24  Defendant DOE DEPUTY 4 stated "is he [ SERRANO] breathing?".

25       37.   However, by the time Defendants DOE DEPUTIES 1-5 realized
26  SERRANO was no longer breathing, SERRANO had likely already stopped
27  breathing for a significant amount of time and no longer conscious.

28  ///

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

38.     When Defendants DOE DEPUTIES 1-5 realized SERRANO was not breathing, it was likely that SERRANO was already dead by the time Defendants DOE DEPUTIES realized SERRANO was unconscious and not breathing.

39.     During the entire encounter between Defendants DOE DEPUTIES 1-5 and SERRANO, Defendants DOE DEPUTIES 1-5 were aware of the fact that SERRANO was an individual who met all the risk factors for positional asphyxia including the following conditions: 1) Obesity; 2) Pre-existing medical conditions such as heart problems or head and neck injuries; 3) The length of any struggle; 4) The physical environment in which the struggle takes place; 5) Whether the suspect suffers from a mental condition; 6) Whether the suspect has been drinking alcohol; and 7) The presence of depressant or stimulant drugs.

40.     Despite SERRANO meeting all the risk factors for positional asphyxia, Defendants DOE DEPUTIES 1-5 willfully ignored their training and continued to compress SERRANO's chest and constrict his airways.

41.     SERRANO was killed by Defendants DOE DEPUTIES 1-5 by the means of positional and/or restraint asphyxiation.

42.     As a result of DEFENDANTS' conduct, stated above, SERRANO died entitling Plaintiff to damages.

43.     Furthermore, Defendants DOE DEPUTIES 1-5, and each of them, had a duty to intervene to prevent SERRANO's constitutional rights from being violated. However, Defendants DOE DEPUTIES 1-5, and each of them, all failed to intervene.

44.     The conduct Defendant DOE SECURITY COMPANY's agent and/or security officer, Defendant STATER BROS.' employee and/or agent, Defendants DOE DEPUTIES, and DOES 1-10 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages against each and every aforementioned Defendants.

///

10

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

**FIRST CLAIM FOR RELIEF**

**FOR UNREASONABLE DETENTION**

**(42 U.S.C. § 1983)**

**(By Plaintiff MARIA LOWRIE, as successor in interest to ERNIE SERRANO, Against Defendants DOE DEPUTIES 1-5, and Does 6 Through 10)**

45.     Plaintiff repeats and re-alleges each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

46.     The initial seizure of Decedent SERRANO by Defendant DOE DEPUTIES 1-5 deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

47.     On December 15, 2020, when Defendant DOE DEPUTIES 1-5, who were acting in their individual and/or representative capacity, in the course and scope of his employment with RCSD, acting under color of law, used unreasonable force to detain SERRANO which violated the Constitutional Rights of DECEDENT.

48.      When Defendant DOE DEPUTIES 1-5 arrived at the STATER BROS. and saw SERRANO was not committing a crime, not armed with a weapon and simply standing by the checkout stand, Defendant DOE DEPUTIES had no probable cause to detain, seize or assault SERRANO.

49.     Any illusion of an assault with a deadly weapon was immediately dispelled when Defendant DOE DEPUTIES 1-5 observed SERRANO without any weapon, and not in the process of committing any crime.

50.     Even after observing SERRANO not committing a crime, not armed with a weapon and simply standing by the checkout stand, Defendant DOE DEPUTIES 1-5 used a TASER on SERRANO and then proceeded to strike SERRANO with a baton seven (7) times.

///

51.     SERRANO was not actively resisting as demonstrated by SERRANO facing away from the Defendant DOE DEPUTIES 1-5 and SERRANO was not attempting to flee.

52.     The detention of SERRANO was unnecessarily painful, degrading, prolonged, and involved an undue invasion of privacy.

53.     The conduct of Defendant DOE DEPUTIES 1-5 proximately caused Plaintiff to be deprived of his liberty and right to be free from unreasonable searches and seizures and guaranteed by the Fourth Amendment.

54.     Accordingly, the initial detention of SERRANO by Defendant DOE DEPUTIES was objectively unreasonable and therefore in violation of 42 U.S.C. Section 1983.

55.     MARIA LOWRIE by this action, further claim all of Plaintiff's attorneys' fees and costs incurred and to be incurred in Plaintiff presenting, maintaining and prosecuting this action under 42 U.S.C. Section 1988.

56.     Defendant DOE DEPUTIES 1-5 acted willfully, knowingly and purposefully and/or with deliberate indifference to deprive Plaintiff of his Constitutional Rights. As a result of the nature of Defendant DOE DEPUTIES' conduct, Plaintiff is entitled to recover punitive damages against the individual Defendants.

## SECOND CLAIM FOR RELIEF

**FOR UNREASONABLE SEARCH AND SEIZURE — EXCESSIVE FORCE**

**(42 U.S.C. § 1983)**

**(By Plaintiff MARIA LOWRIE, as successor in interest to SERRANO, Against Defendants DOE DEPUTIES 1-5, and Does 6 Through 10)**

57.     Plaintiff repeats and re-alleges each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

58.     The use of force against Decedent SERRANO after the initial unreasonable detention by Defendants DOE DEPUTIES 1-5 deprived DECEDENT

12

of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

59.     On December 15, 2020, Defendants DOE DEPUTIES 1-5, acting in their individual and/or representative capacities, in the course and scope of their employment with RCSD, acting under color of law, used unreasonable and excessive deadly force and violated the Constitutional Rights of DECEDENT when they held SERRANO down on his stomach for approximately seven (7) minutes to the point where SERRANO was asphyxiated.

60.     When Defendants DOE DEPUTIES 1-5 asphyxiated SERRANO, SERRANO did not present an imminent threat of death or serious bodily injury, and the force used by Defendants DOE DEPUTIES 1-5, was objectively unreasonable and therefore in violation of 42 U.S.C. Section 1983.

61.     The foundation of the Fourth Amendment is reasonableness, the force used on DECEDENT was fundamentally unreasonable and in violation of DECEDENT's Fourth Amendment right to be secure in his person against an unreasonable searches and seizures.

62.     By virtue of their misconduct, Defendants DOE DEPUTIES 1-5, inclusive are liable for DECEDENT's tragic death, either because these Defendants were integral participants in the use of excessive force, or because they failed to intervene to prevent these violations.

63.     This use of excessive force by Defendants was excessive and objectively unreasonable under the circumstances. Defendants' actions thus deprived DECEDENT of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

64.     MARIA LOWRIE by this action, further claims all of Plaintiff's attorneys' fees and costs incurred and to be incurred in Plaintiff presenting, maintaining and prosecuting this action under 42 U.S.C. Section 1988.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

65.     The conduct of Defendants DOE DEPUTIES 1-5, inclusive was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE DEPUTIES 1-5, inclusive.

## THIRD CLAIM FOR RELIEF

### DENIAL OF MEDICAL CARE

### (42 U.S.C. § 1983)

**(By Plaintiff MARIA LOWRIE, as successor in interest to SERRANO, Against Defendants DOE DEPUTIES 1-5, and Does 6 Through 10)**

66.     Plaintiff repeats and re-alleges each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

67.     On December 15, 2020, Defendants DOE DEPUTIES 1-10 failed to provide SERRANO with medical care. As soon as SERRANO stated that he could not breathe, Defendants DOE DEPUTIES 1-5 had a mandatory duty to be provident to SERRANO for medical care. Indeed, Defendants DOE DEPUTIES denied SERRANO of medical care even as SERRANO continued to plead and beg for help.

68.     The denial of medical care to Decedent SERRANO by Defendants DOE DEPUTIES 1-5 deprived DECEDENT of his right to medical care as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment and California.

69.     Defendants DOE DEPUTIES 1-5, inclusive knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but nevertheless disregarded his serious medical needs, causing him great bodily harm, physical and emotional pain and suffering, and death.

70.     The denial of medical care to Decedent SERRANO by Defendants DOE DEPUTIES 1-5 caused SERRANO to die inside the STATER BROS.

///

71.     MARIA LOWRIE by this action, further claim all of Plaintiff's attorneys' fees and costs incurred and to be incurred in Plaintiff presenting, maintaining and prosecuting this action under 42 U.S.C. Section 1988.

72.     The conduct of Defendants DOE DEPUTIES 1-5, inclusive was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE DEPUTIES 1-5, inclusive.

<u>**FOURTH CLAIM FOR RELIEF**</u>

**FOR FAILURE TO INTERVENE - BYSTANDER LIABILITY**

**(42 U.S.C. § 1983)**

**(By Plaintiff MARIA LOWRIE, as successor in interest to SERRANO, Against Defendants DOE DEPUTIES 1-5, and Does 6 Through 10)**

73.     Plaintiff repeats and re-alleges each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

74.     As alleged in the preceding claims for relief, DOE DEPUTIES 1-5 violated SERRANO's right to be free from unreasonable detention, excessive force, and the SERRANO's right to timely medical care was also violated.

75.     Defendants DOE DEPUTIES 1-5, acting in their individual and/or representative capacities, in the course and scope of their employment with RCSD, acting under color of law, had a duty to intervene to prevent unreasonable detentions, the use of excessive force, and the violation of SERRANO's right to timely medical care.

76.     Defendants DOE DEPUTIES 1-5 had a reasonable opportunity to intervene when SERRANO was unreasonably detained, was subjected to excessive forced, and ultimately died from the failure to summon medical care.

77.     Despite Defendants DOE DEPUTIES duty to intervene, Defendants DOE DEPUTIES 1-5 failed to intervene.

///

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

78.    The failure of Defendants DOE DEPUTIES to intervene thus caused SERRANO's constitutional rights to be violated.

79.    MARIA LOWRIE by this action, further claims all of Plaintiff's attorneys' fees and costs incurred and to be incurred in Plaintiff presenting, maintaining and prosecuting this action under 42 U.S.C. Section 1988.

80.    The conduct of Defendants DOE DEPUTIES 1-5, inclusive was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE DEPUTIES 1-5, inclusive.

**FIFTH CLAIM FOR RELIEF**

**FOR VIOLATION OF SUBSTANTIVE DUE PROCESS**

**(42 U.S.C. § 1983)**

**(By Plaintiff MARIA LOWRIE, as successor in interest to SERRANO, Against Defendants DOE DEPUTIES 1-5, and Does 6 Through 10)**

81.    Plaintiff repeats and re-alleges each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

82.    Plaintiff MARIA LOWRIE, as the biological mother of Decedent SERRANO, had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them life, liberty, or property in such a manner as to shock the conscience by being deliberately indifferent to the constitutional rights of the SERRANO and/or by being a purpose to harm unrelated to any legitimate law enforcement objective, including but not limited to unwarranted state interference in Plaintiff's familial relationship with their son, Decedent SERRANO.

83.    Decedent SERRANO had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that would deprive him of life, liberty, or property in such a manner as to shock the conscience by being deliberately indifferent to the constitutional rights

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1  of the DECEDENT and/or by being a purpose to harm unrelated to any legitimate
2  law enforcement objective.

3      84.    The aforementioned actions of Defendants DOE DEPUTIES 1-5, and
4  Does 6 through 10, inclusive, along with other undiscovered conduct, violated the
5  Due Process Clause of the Fourteenth Amendment, shocked the conscience, and
6  interfered with the familial relationship of DECEDENT and Plaintiff, in that said
7  Defendants had time to deliberate and then used deadly force that shocks the
8  conscience and with a purpose to harm unrelated to any legitimate law enforcement
9  objective in violation of 42 U.S.C. Section 1983 in violation of the constitutional
10  rights of DECEDENT and Plaintiff.

11      85.    Defendants DOE DEPUTIES 1-5, and Does 6 through 10, inclusive,
12  thus violated the substantive due process rights of Plaintiff MARIA LOWRIE to be
13  free from unwarranted interference with their familial relationship with
14  DECEDENT.

15      86.    As a direct and proximate result of the actions of Defendants, Plaintiff
16  MARIA LOWRIE suffered the loss of her beloved son, DECEDENT SERRANO,
17  including damages for the loss of DECEDENT's life-long love, companionship,
18  comfort, care, assistance, protection, affection, society, moral support; loss of
19  financial support, sustenance and earning capacity; loss of gifts and benefits; funeral
20  and burial expenses; loss of the reasonable value of household services; loss of
21  relationship with DECEDENT, including loss of society and companionship.

22      87.    As a direct and proximate result of the actions of Defendants, Plaintiff
23  MARIA LOWRIE as successor in interest to the ESTATE OF DECEDENT
24  SERRANO, also claim as damages the loss of the value and enjoyment of the life of
25  SERRANO to himself in that his life was cut short by Defendants and DECEDENT
26  SERRANO was an otherwise healthy 33-year-old man who had approximately 51
27  years of remaining life expectancy at the time of his death. Plaintiff
28  ///

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

88.    MARIA LOWRIE by this action, further claim all of Plaintiff's attorneys' fees and costs incurred and to be incurred in Plaintiff presenting, maintaining and prosecuting this action under 42 U.S.C. Section 1988.

89.    The conduct of Defendants DOE DEPUTIES 1-5, and Does 6 through 10, inclusive, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE DEPUTIES 1-5, and Does 6 through 10, inclusive.

90.    Defendants DOE DEPUTIES 1-5 acted willfully, knowingly and purposefully and/or with deliberate indifference to deprive Plaintiff of his Constitutional Rights. As a result of the nature of Defendant DOE DEPUTIES' conduct, Plaintiff is entitled to recover punitive damages against the individual Defendants.

## SIXTH CLAIM FOR RELIEF

## MUNICIPAL LIABILITY FOR UNCONSTITUTIONAL CUSTOM OR POLICY (*MONELL*) - (42 U.S.C. § 1983)

**(By Plaintiff MARIA LOWRIE, as successor in interest to SERRANO, Against Defendants COUNTY, and Does 6-10)**

91.    Plaintiff repeats and re-alleges each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

92.    On information and belief, Defendant DOE DEPUTIES 1-5, and Does 6 through 10, detained and seized SERRANO pursuant to RCSD policy, custom or practice.

93.    On and for some time prior to December 15, 2020 (and continuing to the present date), Defendants COUNTY, and DOES 6-10, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiff and DECEDENT, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and

applied an official recognized custom, policy, and practice of:

    A. Permitting RCSD deputies to retrain individual in such a manner which would cause asphyxiation and lead to death;

    B. Employing and retaining as deputy sheriffs and other personnel, including Defendants DOE DEPUTIES, and Does 1-10 at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written RCSD policies, including the use of excessive force;

    C. Of inadequately supervising, training, controlling, assigning, and disciplining COUNTY employees and other personnel, including Defendants DOE DEPUTIES, whom Defendants COUNTY, RCSD, and Does 1-10 knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force;

    D. By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants DOE DEPUTIES, who are deputies and/or agents of COUNTY and RCSD;

    E. By failing to discipline COUNTY deputies' and/or agents' conduct, including but not limited to, unlawful detention and excessive force;

    F. By ratifying the intentional misconduct of Defendants DOE DEPUTIES and other COUNTY deputies and/ or agents, who are COUNTY deputies and/or agents of COUNTY;

    G. By having and maintaining an unconstitutional policy, custom, and practice of detaining and arresting individuals without probable cause or reasonable suspicion, and using excessive force, including deadly force, which also is demonstrated by inadequate training regarding these subjects. The policies, customs, and practices of Defendants COUNTY and Does 1-10 were

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

maintained with a deliberate indifference to individuals' safety and rights; and

H. By failing to properly investigate claims of unlawful detention and excessive force by RCSD deputies.

94.    By reason of the policies and practices of Defendants COUNTY, RCSD, and DOES 1-10, DECEDENT was severely injured and subjected to pain and suffering and ultimately, lost his life. The aforementioned policies and practices of Defendants, including the custom, policy and practice of Defendant COUNTY in allowing its deputies to use unjustified and excessive force in killing unarmed and non-dangerous persons with no punishment for the involved deputies was a moving force that caused Defendants DOE DEPUTIES to use unreasonable deadly force on DECEDENT, who was also unarmed and did not present an imminent danger to Defendants or others.

95.    Defendants COUNTY and DOES 1-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Decedent, Plaintiff, and other individuals similarly situated.

96.    By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants Does 1-10 acted with intentional, reckless, Plaintiff's constitutional rights. Furthermore, the policies, practices, and customs and callous disregard for the life of Decedent and for Decedent's and implemented, maintained, and still tolerated by Defendants COUNTY and Does 1-10 were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT and Plaintiff.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

97.   The actions of each of Defendants Does 1-10 were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities, and therefore warrants the imposition of exemplary and punitive damages as to Defendants Does 1-10.

98.   By reason of the acts and omissions of Defendants COUNTY and Does 1-10, Plaintiff were caused to incur damages as stated elsewhere herein.

99.   By reason of the acts and omissions of Defendants COUNTY and Does 1-10, Plaintiff have suffered loss of love, companionship, affection, comfort, care, society, and future support.

100.   Accordingly, Defendants COUNTY and Does 1-10 each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

101.   Plaintiff seeks both wrongful death damages and survival damages under this claim. Plaintiff further claim all of Plaintiff's attorneys' fees and costs incurred and to be incurred in Plaintiff presenting, maintaining and prosecuting this action under 42 U.S.C. Section 1988.

## SEVENTH CLAIM FOR RELIEF

### FOR ASSAULT AND BATTERY CAUSING WRONGFUL DEATH

**(By Plaintiff MARIA LOWRIE, as successor in interest to SERRANO, Against Defendant DOE SECURITY COMPANY, and Does 11-12)**

102.   Plaintiff repeat and re-allege each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

103.   Defendants DOE SECURITY COMPANY, and DOES 11-12, inclusive, while on duty at STATER BROS. on December 15, 2020 at approximately 8:30 PM acted, intending to cause harmful and/or offensive conduct which caused SERRANO to reasonably believe that he was about to be touched in a harmful and/or offensive manner.

104.   SERRANO did not consent to Defendant DOE SECURITY COMPANY' agent and/or security officer harmful and/or offensive conduct.

105.   SERRANO was harmed by Defendant DOE SECURITY COMPANY' agent and/or security officer harmful and/or offensive conduct.

106.   Furthermore, Defendant DOE SECURITY COMPANY' agent and/or security officer, thereafter, touched SERRANO with the intent to harm or offend him.

107.   SERRANO did not consent to Defendant DOE SECURITY COMPANY' agent and/or security officer touching him.

108.   SERRANO was harmed by Defendant DOE SECURITY COMPANY' agent and/or security officer unconsented touching.

109.   As a direct and proximate result of the actions of Defendant DOE SECURITY COMPANY, Plaintiff MARIA LOWRIE suffered the loss of her son, DECEDENT SERRANO, including damages for the loss of DECEDENT's life-long love, companionship, comfort, care, assistance, protection, affection, society, moral support, training and guidance; loss of financial support, sustenance and earning capacity; loss of gifts and benefits; funeral and burial expenses; loss of the reasonable value of household services; loss of relationship with DECEDENT, including loss of society and companionship and all other damages allowed under state law, including under California's "Wrongful Death" statue, California Code of Civil Procedure Section 377.60, et seq. and CACI 3921 "Wrongful Death (Death of an Adult)".

110.   DOE SECURITY COMPANY is vicariously liable for the wrongful acts of DOE SECURITY COMPANY' agent and/or security officer pursuant to *respondeat superior.* MARIA LOWRIE bring her claim individually as an heir at law of DECEDENT in wrongful death and as successor-in-interest to the DECEDENT and to The ESTATE SERRANO, and in each case, seeks both survival and wrongful death damages for the violation of DECEDENT's rights.

111.   As a direct and proximate result of the actions of Defendants, Plaintiff MARIA LOWRIE suffered the loss of her son, DECEDENT SERRANO, including damages for the loss of DECEDENT's life-long love, companionship, comfort, care, assistance, protection, affection, society, moral support, training and guidance; loss

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

of financial support, sustenance and earning capacity; loss of gifts and benefits; funeral and burial expenses; loss of the reasonable value of household services; loss of relationship with Decedent, including loss of society and companionship and all other damages allowed under state law, including under California's "Wrongful Death" statue, California Code of Civil Procedure Section 377.60, et seq. and CACI 3921 "Wrongful Death (Death of an Adult)."

112.   The conduct of DOE SECURITY COMPANY' agent and/or security officer and was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff and DECEDENT, entitling Plaintiff MARIA LOWRIE individually and as a successors-in-interest to Decedent, to an award of exemplary and punitive damages as DOE SECURITY COMPANY' agent and/or security officer, and DOES 11-12, inclusive.

## EIGHTH CLAIM FOR RELIEF

### FOR NEGLIGENCE CAUSING WRONGFUL DEATH

**(By Plaintiff MARIA LOWRIE, as successor in interest to SERRANO, Against Defendant STATER BROS., and Does 13-15)**

113.   Plaintiff repeats and re-alleges each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

114.   On December 15, 2020, Defendants STATER BROS., and Does 13-15 owed SERRANO a duty of care by virtue of his presence in the STATER BROS. market.

115.   Defendants STATER BROS., and Does 13-15 breached their duty of care by doing the following:

      a. Permitting DOE SECURITY COMPANY' agent and/or security officer to assault and batter SERRANO, or otherwise permitting DOE SECURITY COMPANY' agent and/or security officer to engage in a physical struggle with SERRANO;

///

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

b. Falsely and fraudulently reporting to RCSD that SERRANO committed an assault with a deadly weapon; and

c. Permitting Defendants DOE DEPUTIES to enter STATER BROS. which then lead to the death of SERRANO.

116. The actions and inactions of Defendants STATER BROS. and DOES 13-15, inclusive, were negligent.

117. As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died.

118. The Defendants' negligence as alleged above was a substantial factor in causing SERRANO to die inside the STATER BROS.

119. As a direct and proximate result of the actions of Defendants, Plaintiff MARIA LOWRIE suffered the loss of her son, DECEDENT SERRANO, including damages for the loss of DECEDENT's life-long love, companionship, comfort, care, assistance, protection, affection, society, moral support, training and guidance; loss of financial support, sustenance and earning capacity; loss of gifts and benefits; funeral and burial expenses; loss of the reasonable value of household services; loss of relationship with Decedent, including loss of society and companionship and all other damages allowed under state law, including under California's "Wrongful Death" statue, California Code of Civil Procedure Section 377.60, et seq. and CACI 3921 "Wrongful Death (Death of an Adult)."

120. The conduct of Defendants STATER BROS., and DOES 13-15, inclusive, was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff and DECEDENT, entitling Plaintiff, individually and as successor-in-interest to DECEDENT, to an award of exemplary and punitive damages .

121. Plaintiff MARIA LOWRIE brings her claim, individually as an heirs at law of DECEDENT in wrongful death and as successors-in-interest to the

24

1  DECEDENT and to The ESTATE OF SERRANO, and seeks both survival and
2  wrongful death damages for the violation of DECEDENT's rights.

3  ## **PRAYER FOR RELIEF**

4      WHEREFORE, Plaintiff requests entry of judgment in their favor and against
5  Defendants as follows:

6  A. For compensatory damages, for wrongful death including damages for the loss
7      of Decedent's life-long love, companionship, comfort, care, assistance,
8      protection, affection, society; moral support; and the loss of relationship with
9      Decedent, including loss of society, familial relationship and companionship
10      in an amount according to proof at the time of trial;

11  B. For compensatory damages, for Survival for the mental, physical and
12      emotional pain and suffering of Decedent in an amount according to proof at
13      the time of trial;

14  C. For loss of financial support, sustenance and earning capacity in an amount
15      according to proof at the time of trial;

16  D. For loss of gifts and benefits in an amount according to proof at the time of
17      trial;

18  E. For punitive damages against the individual defendants in an amount to be
19      proven at trial;

20  F. For interest;

21  G. For reasonable costs of this suit and attorneys' fees, including pursuant to 42
22      U.S.C. § 1988;

23  H. For all other damages allowed under federal and state law and;

24  I. For such further other relief as the Court may deem just, proper, and
25      appropriate.

26  ///
27  ///
28  ///

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1  Respectfully Submitted,

2  Dated: December 24, 2020   **THE LAW OFFICES OF HUMBERTO GUIZAR**

3

4

5  By: _____

HUMBERTO GUIZAR
CHRISTIAN CONTRERAS

6  Attorneys for Plaintiff,
MARIA LOWRIE, individually,

7  And as successor in interest to ERNIE
SERRANO

8

9  Dated: December 24, 2020        **KINGS JUSTICE LAW**

10

11  By: _____

STEPHEN KING

12  Attorneys for Plaintiff,
MARIA LOWRIE, individually,

13  And as successor in interest to ERNIE
SERRANO

14              **DEMAND FOR JURY TRIAL**

15      Plaintiff hereby demand a trial by jury.

16  Dated: December 24, 2020   **THE LAW OFFICES OF HUMBERTO GUIZAR**

17

18

19  By: _____

HUMBERTO GUIZAR

20  CHRISTIAN CONTRERAS
Attorneys for Plaintiffs,

21  MARIA LOWRIE, individually,
And as successor in interest to ERNIE

22  SERRANO

23  Dated: December 24, 2020        **KINGS JUSTICE LAW**

24

25  By: _____

STEPHEN KING

26  Attorneys for Plaintiffs,
MARIA LOWRIE, individually,

27  And as successor in interest to ERNIE
SERRANO

28

**PLAINTIFF'S COMPLAINT FOR DAMAGES**