Humberto M. Guizar, Esq., (SBN 125769)
   *hguizar@ghclegal.com*
Christian Contreras, Esq., (SBN 330269)
   *ccontreras@ghclegal.com*
**THE LAW OFFICES OF HUMBERTO GUIZAR**
**A PROFESSIONAL CORPORATION**
Justice X Building
3500 W. Beverly Blvd.,
Montebello, California 90640
Telephone: (323) 725-1151
Facsimile: (323) 597-0101

Stephen A. King, Esq., (SBN 224683)
   *sking@kingsjusticelaw.com*
**KINGS JUSTICE, APC**
9401 Wilshire Blvd Ste. 608
Beverly Hills, CA 90212
Telephone: (323) 546-4529

Attorneys for Plaintiff,
MARIA LOWRIE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA LOWRIE, Individually, and as Successor in Interest to ERNIE SERRANO, <br><br>         Plaintiff, <br><br>         v. <br><br> COUNTY OF RIVERSIDE, a legal subdivision of the State of California; SCOTT SPYKSTRA, an individual, PAUL FERRARI, an individual, JEFFERY HORNER, an individual, ROBERT MONTANEZ, an individual, TRAVIS COSPER, an individual,; DOE DEPUTIES 6-10, individually; STATER BROS. MARKETS, a California Corporation; DOE SECURITY COMPANY, an entity, and DOES 11-15, inclusive, <br><br>         Defendants. | **CASE NO: 5:20-cv-02651-JWH-KK** <br> [Hon. John W. Holcomb] <br><br> **SECOND AMENDED COMPLAINT FOR DAMAGES** <br><br> 1. Unreasonable Detention (42 U.S.C. § 1983); <br> 2. Unreasonable Search and Seizure - Excessive Force (42 U.S.C. § 1983); <br> 3. Denial of Medical Care (42 U.S.C. § 1983); <br> 4. Failure to Intervene - Bystander Liability (42 U.S.C. § 1983); <br> 5. Substantive Due Process (42 U.S.C. § 1983); <br> 6. Municipal Liability for Unconstitutional Custom, Practice, or Policy (*Monell*) (42 U.S.C. § 1983); |

1

7. Assault And Battery (Wrongful Death);
8. Negligence (Wrongful Death);
9. Tom Bane Act (Civil Code 52.1);
10. Ralph Act (Civil Code 51.7)

**DEMAND FOR JURY TRIAL**

**COMPLAINT FOR DAMAGES**

1.     Plaintiff MARIA LOWRIE individually, and as successor in interest to ERNIE SERRANO (hereinafter sometimes referred to as "DECEDENT" or "SERRANO") brings this action against the COUNTY OF RIVERSIDE (hereinafter also referred to as "COUNTY"), DOE DEPUTIES 1-10, STATER BROS. MARKETS (hereinafter also referred to as "STATER BROS."), DOE SECURITY COMPANY, and DOES 11-15, inclusive and allege as follows:

2.     This action seeks compensatory and punitive damages from individual deputy sheriffs, from senior sheriff's department officials, and from the County of RIVERSIDE for violations state law and fundamental rights under the United States Constitution in connection with killing of ERNIE SERRANO on December 15, 2020. This action also seeks compensatory and punitive damages from STATER BROS. and DOE SECURITY COMPANY DOES 11-15 for actions which also led to the death of ERNIE SERRANO. Decedent ERNIE SERRANO was beaten, tased, tackled, pummeled, and ultimately asphyxiated by Defendant, COUNTY, DOE DEPUTIES 1-10 on December 15, 2020 inside the Stater Bros. Market in Jurupa Valley, Riverside County California.

**PARTIES**

3.     At all relevant times up until his death, ERNIE SERRANO was an individual residing in the County of Riverside, California.

4.     Plaintiff MARIA LOWRIE is an individual residing in Los Angeles, County and is the mother of Decedent SERRANO. Plaintiff MARIA LOWRIE sues in her individual capacity as mother of the DECEDENT, and in a representative

1  capacity as successors-in-interest to Decedent and THE ESTATE OF SERRANO

2  pursuant to California C.C.P. Section 377.32. Plaintiff MARIA LOWRIE is an "heir

3  at law" (C.C.P. Section 373.60, wrongful death) and a "successors-in-interest"

4  (C.C.P. Section 377.30, survival) to Decedent SERRANO. Plaintiff MARIA

5  LOWRIE seeks both wrongful death and survival

6  damages under federal and state law.

7      5.      Furthermore, Plaintiff MARIA LOWRIE seeks all damages available

8  under federal and state law including under C.C.P. Section 373.60 (wrongful death);

9  C.C.P. Section 373.30 (survival) and under federal law for wrongful death and

10  survival. The damages sought by Plaintiff MARIA LOWRIE for the death of her son,

11  SERRANO, include for loss of DECEDENT's love, companionship, comfort, care,

12  assistance, protection, affection, society, moral support; loss of financial support and

13  earning capacity; loss of gifts and benefits; funeral and burial expenses; loss of

14  relationship with Decedent, including loss of society and companionship and the

15  mental, physical and emotional pain and suffering of Decedent and all other damages

16  allowed under federal and state law. Plaintiffs the ESTATE OF ERNIE SERRANO

17  appear through its successors-in-interest, the Plaintiff MARIA LOWRIE.

18      6.      Defendant COUNTY is a chartered subdivision of the State of

19  California with the capacity to sue and be sued. Defendant COUNTY is responsible

20  for the actions, omissions, policies, procedures, practices and customs of its various

21  agents and agencies, including the Riverside County Sheriff's Department

22  (hereinafter sometimes "RCSD"), and its agents and employees. At all times relevant

23  to the facts alleged herein, Defendant COUNTY was responsible for assuring that the

24  actions, omissions, policies, procedures, practices and customs of the RCSD and its

25  employees and agents complied with the laws and the Constitution of the United

26  States and of the State of California.

27      7.      At all relevant times, Defendants DOE DEPUTIES 1-10 were

28  employees of the RCSD. At all times relevant, Defendant DOE DEPUTIES, and each

of the Defendants Does 1-10 were employees and/or agents of Defendant COUNTY and each of these individual defendants acted under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of Defendant COUNTY and the RCSD, as well as under the color of the statutes and regulations of the State of California.

8.     At all relevant times, Defendants DOE DEPUTIES 1-10, inclusive, were duly authorized employees and agents of COUNTY, who were acting under color of law within the course and scope of their individual and/or representative capacities and respective duties as deputies and law enforcement agents and with the complete authority and ratification of their principal, Defendant COUNTY.

9.     In doing the acts and failing and omitting to act as hereinafter described, Defendants DOE DEPUTIES 1-10 were acting on the implied and actual permission and consent of COUNTY.

10.     The true names of defendants Does 1 Through 15, inclusive, are unknown to Plaintiff, who therefore sues these defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

11.     Defendants DOE DEPUTIES 1-10 are sued in their individual capacities for damages only.

12.     At all times relevant to the facts alleged herein, Defendants, including DOE DEPUTIES 1-10 are duly appointed, qualified and acting officers, employees, and/or agents of COUNTY and RCSD, employed as such by Defendants, and acting within the course and scope of their employment and/or agency and under color of state law. Each of the Defendants and Doe Defendants caused and is responsible for the unlawful conduct and resulting by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so by authorizing,

4

**SECOND AMENDED COMPLAINT FOR DAMAGES**

acquiescing, condoning, acting, omitting or failing to take action to prevent the unlawful conduct by promulgating or failing to promulgate policies and procedures pursuant to which the unlawful conduct occurred; by failing and refusing, with deliberate indifference to Plaintiff's rights, to initiate and maintain adequate supervision, security, training, compliance with responsibilities and duties, and staffing; by failing to maintain proper and adequate policies, procedures and protocols; and by ratifying and condoning the unlawful conduct performed by agents and officers, deputies, and employees under their direction and control.

13.     Each of the Defendants caused and is responsible for the unlawful conduct and resulting, by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so; by authorizing, acquiescing or failing to take action to prevent the unlawful conduct; by promulgating policies and procedures pursuant to which the unlawful conduct occurred; by failing and refusing, with deliberate indifference to Plaintiff and DECEDENT's rights, to initiate and maintain adequate supervision and/or training; and, by ratifying the unlawful conduct that occurred by agents and peace officers under their direction and control. Whenever and wherever reference is made in this Complaint to any act by a Defendant, such allegation and reference shall also be deemed to mean the acts and failures to act of each Defendant individually, joint, and severally. They are sued in their individual and official capacities and in some manner are responsible for the acts and omissions alleged herein. Plaintiff will ask leave of this Court to amend this Complaint to allege such name and responsibility when that information is ascertained. Each of Defendants is the agent of the other and the actions of each of the Defendants were ratified by the other Defendants.

14.     Plaintiff has filed governmental claims against the County of Riverside for State claims arising from the incident that is the subject of this complaint prior to the filing of this action. Plaintiff will seek leave to amend this complaint to add the state claims in this action when the time to include said causes of action is

**SECOND AMENDED COMPLAINT FOR DAMAGES**

1   appropriate.

2        15.    Whenever and wherever reference is made in this Complaint to any act

3   by Defendants and Doe Defendants, such allegations and references shall also be

4   deemed to mean the acts and failures to act of each Defendants individually, jointly

5   or severally.

6                        **JURISDICTION AND VENUE**

7        16.    This action was properly filed in the United States District Court for the

8   Central District of California for the redress of alleged depravations of constitutional

9   rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, the Fourth and

10  Fourteenth Amendment of the United States Constitution, and the California

11  Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1343. Supplemental

12  jurisdiction for the state law claims is founded on 28 U.S.C. § 1367.

13       17.    Venue is proper in this Court because all incidents, events, and

14  occurrences giving rise to this action occurred in, the County of Riverside, California.

15  Plaintiff herein timely filed this action within all applicable statutes of limitations.

16  Plaintiff herein timely and properly filed tort claims pursuant to Cal. Gov. Code §

17  910 et seq.

18                        **FACTUAL ALLEGATIONS**

19       18.    On December 15, 2020, every peace officer in California certified by

20  Peace Officer Standards and Training ("POST"), including Defendants DOE

21  DEPUTIES 1-10, are required to only use force which is necessary to make an arrest

22  or subdue an resistive person because peace officers are responsible, at all times, for

23  the safety and well-being of person they take or attempt to into their custody. Properly

24  trained peace officers understand improper restraining techniques can block the flow

25  of air into the individual's lungs contributing to a life-threatening condition known as

26  Positional, or Restraint, Asphyxia. Properly trained peace officers also understand

27  they have multiple effective options available such as avoiding compression of the

28  chest, rolling the subject over on his side, sitting or standing the subject up, proper

hobbling methods (which excludes hogtying), sitting the subject upright in the police unit, summoning emergency medical services to the scene early so that chemical restraints may be employed, etc. Further, chest compression, the presence of stimulants or illicit drugs and the fact that many victims of positional/restraint asphyxia have been involved in physical exertion prior to their restraint all work together to result in a scenario that can cause sudden death. Key risk factors include all or some of the following conditions: 1) Obesity; 2) Pre-existing medical conditions such as heart problems or head and neck injuries; 3) The length of any struggle; 4) The physical environment in which the struggle takes place; 5) Whether the suspect suffers from a mental condition; 6) Whether the suspect has been drinking alcohol; and 7) The presence of depressant or stimulant drugs.

19. On December 15, 2020 at approximately 8:10 P.M., Decedent SERRANO was a patron at the Stater Bros. Market located at 5571 Mission Blvd Jurupa Valley, Riverside County, California, 92509.

20. Upon information and belief, Defendant DOE SECURITY COMPANY's agent and/or security officer DOE 11, approached SERRANO and began to pester him. Defendant DOE SECURITY COMPANY's agent and/or security officer(s) DOES 11-12 thereafter began to use physical force against SERRANO.

21. Upon information and belief, SERRANO never punched, spit, kicked, slapped, struck smacked, or otherwise hit Defendant DOE SECURITY COMPANY's agent and/or security office, nor the employees or agents of Defendant STATER BROS., DOES 11-15.

22. Despite SERRANO not punching, spitting, kicking, slapping, striking smacking, or otherwise hitting Defendant DOE SECURITY COMPANY's agent and/or security officer, nor the employees or agents of Defendant STATER BROS., DOES 11-15, Defendants DOES 11-15 provided COUNTY with false and fraudulent information by stating SERRANO committed an assault with a deadly weapon

7

**SECOND AMENDED COMPLAINT FOR DAMAGES**

prompting RCSD DOE DEPUTIES to respond to the STATER BROS.

23. On December 15, 2020 while at the STATER BROS., Decedent SERRANO was not armed with any weapon.

24. After approximately five (5) minutes of a physical encounter between SERRANO and DOE SECURITY COMPANY's agent and/or security officer, SERRANO became exacerbated, fatigued and his blood pressure began to rise due to the physical nature of the physical encounter.

25. As soon as Defendants DOE DEPUTIES 1-5 arrived at STATER BROS. it was evident SERRANO was not committing an assault with a deadly weapon, and he was unarmed.

26. Upon information and belief, Defendants DOE DEPUTIES 1-5 failed to use verbalization techniques to defuse the situation and escalated a very minor situation, into a fatal situation.

27. Immediately as soon as Defendants DOE DEPUTIES arrived at STATER BROS., Defendant DOE DEPUTY 2 used an Electronic Immobilization Device ("TASER") on SERRANO causing him great pain. Instead of becoming aggressive or agitated towards Defendants DOE DEPUTIES 1-5, SERRANO turned his body away from Defendants DOE DEPUTIES 1-5 while painful electrical surges from the TASER permeated throughout his body.

28. After twenty (20) seconds of being subjected to Defendant DOE DEPUTY 2 using the TASER on SERRANO, SERRANO fell to the floor on his back. SERRANO was able to get up slowly and still did not become aggressive or agitated towards any of the Defendants. SERRANO remained facing away from Defendants DOE DEPUTIES 1-5 after being tased, falling, and getting back up.

29. Despite SERRANO's pacifism and totality of circumstances, Defendants DOE DEPUTIES used unreasonable physical force on SERRANO. Defendant DOE DEPUTY 1 retrieved a baton and began forcefully striking SERRANO on his arms and legs. Defendant DOE DEPUTY 1 struck SERRANO at

1    least seven (7) times throughout his body. SERRANO was helpless and did not fight

2    back as he continued to endure the assault.

3         30.    Not satisfied with tasing and beating SERRANO, Defendant DOE

4    DEPUTY 3 tackled SERRANO to the floor and began pummeling SERRANO with

5    his fists.

6         31.    Thereafter for (7) minutes Defendants Does 1-5 tortured ERNIE with

7    unreasonable and shocking action that led to SERRANO's death. Specifically, DOE

8    DEPUTIES 1-5 threw SERRANO to the floor, then placed SERRANO on his

9    stomach on top of the STATER BROS. checkout stand while Defendants DOE

10   DEPUTIES 2-5 then pinned SERRANO down and slammed his head on the checkout

11   stand.

12        32.    SERRANO immediately began crying and screaming for help when he

13   was placed on his stomach. After one (1) minute of being placed on his stomach he

14   screamed to Defendants DOE DEPUTIES "*I can't breathe man*." Despite

15   SERRANO's pleas for help including his plea that he could not breath, Defendants

16   DOE DEPUTIES continued to hold SERRANO pinned down on his stomach for over

17   six minutes.

18        33.    While Defendants DOE DEPUTIES 2-5 pinned SERRANO down

19   SERRANO's airways were constricting which was interfering with his ability to

20   breathe and have oxygen fill his lungs.

21        34.    Throughout the entire seven (7) minutes that SERRANO was placed on

22   his stomach and pinned down to the checkout stand, SERRANO can be heard saying,

23   "help me" and "please let me go."

24        35.    After three (3) minutes of holding SERRANO flat on his stomach

25   restricting his breathing, Defendants DOE DEPUTIES placed a spit mask around

26   SERRANO's neck and they are continuing holding him down pinned to the checkout

27   stand. SERRANO can be heard saying "take the mask off me" while coughing out

28   blood he was apparently choking on.

36.     Finally, after approximately six (6) minutes and forty (40) seconds of pinning SERRANO down with the full force of Defendants DOE DEPUTIES, one Defendant DOE DEPUTY 4 stated "is he [SERRANO] breathing?".

37.     However, by the time Defendants DOE DEPUTIES 1-5 realized SERRANO was no longer breathing, SERRANO had likely already stopped breathing for a significant amount of time and no longer conscious.

38.     When Defendants DOE DEPUTIES 1-5 realized SERRANO was not breathing, it was likely that SERRANO was already dead by the time Defendants DOE DEPUTIES realized SERRANO was unconscious and not breathing.

39.     During the entire encounter between Defendants DOE DEPUTIES 1-5 and SERRANO, Defendants DOE DEPUTIES 1-5 were aware of the fact that SERRANO was an individual who met all the risk factors for positional asphyxia including the following conditions: 1) Obesity; 2) Pre-existing medical conditions such as heart problems or head and neck injuries; 3) The length of any struggle; 4) The physical environment in which the struggle takes place; 5) Whether the suspect suffers from a mental condition; 6) Whether the suspect has been drinking alcohol; and 7) The presence of depressant or stimulant drugs.

40.     Despite SERRANO meeting all the risk factors for positional asphyxia, Defendants DOE DEPUTIES 1-5 willfully ignored their training and continued to compress SERRANO's chest and constrict his airways.

41.     SERRANO was killed by Defendants DOE DEPUTIES 1-5 by the means of positional and/or restraint asphyxiation.

42.     As a result of DEFENDANTS' conduct, stated above, SERRANO died entitling Plaintiff to damages.

43.     Furthermore, Defendants DOE DEPUTIES 1-5, and each of them, had a duty to intervene to prevent SERRANO's constitutional rights from being violated. However, Defendants DOE DEPUTIES 1-5, and each of them, all failed to intervene. ///

44.     The conduct Defendant DOE SECURITY COMPANY's agent and/or security officer, Defendant STATER BROS.' employee and/or agent, Defendants DOE DEPUTIES, and DOES 1-10 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages against each and every aforementioned Defendants.

## FIRST CLAIM FOR RELIEF

### FOR UNREASONABLE DETENTION

### (42 U.S.C. § 1983)

**(By Plaintiff MARIA LOWRIE, as successor in interest to ERNIE SERRANO, Against Defendants DOE DEPUTIES 1-5, and DOES 6-10)**

45.     Plaintiff repeats and re-alleges each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

46.     The initial seizure of Decedent SERRANO by Defendant DOE DEPUTIES 1-5 deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

47.     On December 15, 2020, when Defendant DOE DEPUTIES 1-5, who were acting in their individual and/or representative capacity, in the course and scope of his employment with RCSD, acting under color of law, used unreasonable force to detain SERRANO which violated the Constitutional Rights of DECEDENT.

48.     When Defendant DOE DEPUTIES 1-5 arrived at the STATER BROS. and saw SERRANO was not committing a crime, not armed with a weapon and simply standing by the checkout stand, Defendant DOE DEPUTIES had no probable cause to detain, seize or assault SERRANO.

49.     Any illusion of an assault with a deadly weapon was immediately dispelled when Defendant DOE DEPUTIES 1-5 observed SERRANO without any

11

**SECOND AMENDED COMPLAINT FOR DAMAGES**

weapon, and not in the process of committing any crime.

50.   Even after observing SERRANO not committing a crime, not armed with a weapon and simply standing by the checkout stand, Defendant DOE DEPUTIES 1-5 used a TASER on SERRANO and then proceeded to strike SERRANO with a baton seven (7) times.

51.   SERRANO was not actively resisting as demonstrated by SERRANO facing away from the Defendant DOE DEPUTIES 1-5 and SERRANO was not attempting to flee.

52.   The detention of SERRANO was unnecessarily painful, degrading, prolonged, and involved an undue invasion of privacy.

53.   The conduct of Defendant DOE DEPUTIES 1-5 proximately caused Plaintiff to be deprived of his liberty and right to be free from unreasonable searches and seizures and guaranteed by the Fourth Amendment.

54.   Accordingly, the initial detention of SERRANO by Defendant DOE DEPUTIES was objectively unreasonable and therefore in violation of 42 U.S.C. Section 1983.

55.   MARIA LOWRIE by this action, further claim all of Plaintiff's attorneys' fees and costs incurred and to be incurred in Plaintiff presenting, maintaining and prosecuting this action under 42 U.S.C. Section 1988.

56.   Defendant DOE DEPUTIES 1-5 acted willfully, knowingly and purposefully and/or with deliberate indifference to deprive Plaintiff of his Constitutional Rights. As a result of the nature of Defendant DOE DEPUTIES' conduct, Plaintiff is entitled to recover punitive damages against the individual Defendants.

///

///

///

///

**SECOND AMENDED COMPLAINT FOR DAMAGES**

1

2

3

4

5

**SECOND CLAIM FOR RELIEF**

**FOR UNREASONABLE SEARCH AND SEIZURE — EXCESSIVE FORCE**

**(42 U.S.C. § 1983)**

**(By Plaintiff MARIA LOWRIE, as successor in interest to SERRANO, Against**

**Defendants DOE DEPUTIES 1-5, and DOES 6 -10)**

6    57.    Plaintiff repeats and re-alleges each allegation in all the preceding

7    paragraphs of this Complaint with same force and effect as if fully set forth herein.

8    58.    The use of force against Decedent SERRANO after the initial

9    unreasonable detention by Defendants DOE DEPUTIES 1-5 deprived DECEDENT

10   of his right to be secure in his person against unreasonable searches and seizures as

11   guaranteed to DECEDENT under the Fourth Amendment to the United States

12   Constitution and applied to state actors by the Fourteenth Amendment.

13   59.    On December 15, 2020, Defendants DOE DEPUTIES 1-5, acting in

14   their individual and/or representative capacities, in the course and scope of their

15   employment with RCSD, acting under color of law, used unreasonable and excessive

16   deadly force and violated the Constitutional Rights of DECEDENT when they held

17   SERRANO down on his stomach for approximately seven (7) minutes to the point

18   where SERRANO was asphyxiated.

19   60.    When Defendants DOE DEPUTIES 1-5 asphyxiated SERRANO,

20   SERRANO did not present an imminent threat of death or serious bodily injury, and

21   the force used by Defendants DOE DEPUTIES 1-5, was objectively unreasonable

22   and therefore in violation of 42 U.S.C. Section 1983.

23   61.    The foundation of the Fourth Amendment is reasonableness, the force

24   used on DECEDENT was fundamentally unreasonable and in violation of

25   DECEDENT's Fourth Amendment right to be secure in his person against an

26   unreasonable searches and seizures.

27   62.    By virtue of their misconduct, Defendants DOE DEPUTIES 1-5,

28   inclusive are liable for DECEDENT's tragic death, either because these Defendants

1    were integral participants in the use of excessive force, or because they failed to

2    intervene to prevent these violations.

3         63.    This use of excessive force by Defendants was excessive and objectively

4    unreasonable under the circumstances. Defendants' actions thus deprived

5    DECEDENT of his right to be free from unreasonable searches and seizures under

6    the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

7         64.    MARIA LOWRIE by this action, further claims all of Plaintiff's

8    attorneys' fees and costs incurred and to be incurred in Plaintiff presenting,

9    maintaining and prosecuting this action under 42 U.S.C. Section 1988.

10        65.    The conduct of Defendants DOE DEPUTIES 1-5, inclusive was willful,

11   wanton, malicious, and done with reckless disregard for the rights and safety of

12   DECEDENT and therefore warrants the imposition of exemplary and punitive

13   damages as to Defendants DOE DEPUTIES 1-5, inclusive.

14                          **THIRD CLAIM FOR RELIEF**

15                          **DENIAL OF MEDICAL CARE**

16                          **(42 U.S.C. § 1983)**

17   **(By Plaintiff MARIA LOWRIE, as successor in interest to SERRANO, Against**

18                **Defendants DOE DEPUTIES 1-5, and DOES 6-10)**

19        66.    Plaintiff repeats and re-alleges each allegation in all the preceding

20   paragraphs of this Complaint with same force and effect as if fully set forth herein.

21        67.    On December 15, 2020, Defendants DOE DEPUTIES 1-10 failed to

22   provide SERRANO with medical care. As soon as SERRANO stated that he could

23   not breathe, Defendants DOE DEPUTIES 1-5 had a mandatory duty to be provident

24   to SERRANO for medical care. Indeed, Defendants DOE DEPUTIES denied

25   SERRANO of medical care even as SERRANO continued to plead and beg for help.

26        68.    The denial of medical care to Decedent SERRANO by Defendants DOE

27   DEPUTIES 1-5 deprived DECEDENT of his right to medical care as guaranteed to

28   DECEDENT under the Fourth Amendment to the United States Constitution and

**SECOND AMENDED COMPLAINT FOR DAMAGES**

1  applied to state actors by the Fourteenth Amendment and California.

2       69.    Defendants DOE DEPUTIES 1-5, inclusive knew that failure to provide

3  timely medical treatment to DECEDENT could result in further significant injury or

4  the unnecessary and wanton infliction of pain, but nevertheless disregarded his

5  serious medical needs, causing him great bodily harm, physical and emotional pain

6  and suffering, and death.

7       70.    The denial of medical care to Decedent SERRANO by Defendants DOE

8  DEPUTIES 1-5 caused SERRANO to die inside the STATER BROS.

9       71.    MARIA LOWRIE by this action, further claim all of Plaintiff's

10  attorneys' fees and costs incurred and to be incurred in Plaintiff presenting,

11  maintaining and prosecuting this action under 42 U.S.C. Section 1988.

12       72.    The conduct of Defendants DOE DEPUTIES 1-5, inclusive was willful,

13  wanton, malicious, and done with reckless disregard for the rights and safety of

14  DECEDENT and therefore warrants the imposition of exemplary and punitive

15  damages as to Defendants DOE DEPUTIES 1-5, inclusive.

16  **FOURTH CLAIM FOR RELIEF**

17  **FOR FAILURE TO INTERVENE - BYSTANDER LIABILITY**

18  **(42 U.S.C. § 1983)**

19  **(By Plaintiff MARIA LOWRIE, as successor in interest to SERRANO, Against**

20  **Defendants DOE DEPUTIES 1-5, and DOES 6-10)**

21       73.    Plaintiff repeats and re-alleges each allegation in all the preceding

22  paragraphs of this Complaint with same force and effect as if fully set forth herein.

23       74.    As alleged in the preceding claims for relief, DOE DEPUTIES 1-5

24  violated SERRANO's right to be free from unreasonable detention, excessive force,

25  and the SERRANO's right to timely medical care was also violated.

26       75.    Defendants DOE DEPUTIES 1-5, acting in their individual and/or

27  representative capacities, in the course and scope of their employment with RCSD,

28  acting under color of law, had a duty to intervene to prevent unreasonable detentions,

the use of excessive force, and the violation of SERRANO's right to timely medical care.

76.   Defendants DOE DEPUTIES 1-5 had a reasonable opportunity to intervene when SERRANO was unreasonably detained, was subjected to excessive forced, and ultimately died from the failure to summon medical care.

77.   Despite Defendants DOE DEPUTIES duty to intervene, Defendants DOE DEPUTIES 1-5 failed to intervene.

78.   The failure of Defendants DOE DEPUTIES to intervene thus caused SERRANO's constitutional rights to be violated.

79.   MARIA LOWRIE by this action, further claims all of Plaintiff's attorneys' fees and costs incurred and to be incurred in Plaintiff presenting, maintaining and prosecuting this action under 42 U.S.C. Section 1988.

80.   The conduct of Defendants DOE DEPUTIES 1-5, inclusive was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE DEPUTIES 1-5, inclusive.

**FIFTH CLAIM FOR RELIEF**

**FOR VIOLATION OF SUBSTANTIVE DUE PROCESS**

**(42 U.S.C. § 1983)**

**(By Plaintiff MARIA LOWRIE, as successor in interest to SERRANO, Against Defendants DOE DEPUTIES 1-5, and DOES 6-10)**

81.   Plaintiff repeats and re-alleges each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

82.   Plaintiff MARIA LOWRIE, as the biological mother of Decedent SERRANO, had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them life, liberty, or property in such a manner as to shock the conscience by being deliberately indifferent to the constitutional rights of the SERRANO and/or by

being a purpose to harm unrelated to any legitimate law enforcement objective, including but not limited to unwarranted state interference in Plaintiff's familial relationship with their son, Decedent SERRANO.

83.    Decedent SERRANO had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that would deprive him of life, liberty, or property in such a manner as to shock the conscience by being deliberately indifferent to the constitutional rights of the DECEDENT and/or by being a purpose to harm unrelated to any legitimate law enforcement objective.

84.    The aforementioned actions of Defendants DOE DEPUTIES 1-5, and Does 6 through 10, inclusive, along with other undiscovered conduct, violated the Due Process Clause of the Fourteenth Amendment, shocked the conscience, and interfered with the familial relationship of DECEDENT and Plaintiff, in that said Defendants had time to deliberate and then used deadly force that shocks the conscience and with a purpose to harm unrelated to any legitimate law enforcement objective in violation of 42 U.S.C. Section 1983 in violation of the constitutional rights of DECEDENT and Plaintiff.

85.    Defendants DOE DEPUTIES 1-5, and Does 6 through 10, inclusive, thus violated the substantive due process rights of Plaintiff MARIA LOWRIE to be free from unwarranted interference with their familial relationship with DECEDENT.

86.    As a direct and proximate result of the actions of Defendants, Plaintiff MARIA LOWRIE suffered the loss of her beloved son, DECEDENT SERRANO, including damages for the loss of DECEDENT's life-long love, companionship, comfort, care, assistance, protection, affection, society, moral support; loss of financial support, sustenance and earning capacity; loss of gifts and benefits; funeral and burial expenses; loss of the reasonable value of household services; loss of relationship with DECEDENT, including loss of society and companionship.

**SECOND AMENDED COMPLAINT FOR DAMAGES**

87.    As a direct and proximate result of the actions of Defendants, Plaintiff MARIA LOWRIE as successor in interest to the ESTATE OF DECEDENT SERRANO, also claim as damages the loss of the value and enjoyment of the life of SERRANO to himself in that his life was cut short by Defendants and DECEDENT SERRANO was an otherwise healthy 33-year-old man who had approximately 51 years of remaining life expectancy at the time of his death. Plaintiff

88.    MARIA LOWRIE by this action, further claim all of Plaintiff's attorneys' fees and costs incurred and to be incurred in Plaintiff presenting, maintaining and prosecuting this action under 42 U.S.C. Section 1988.

89.    The conduct of Defendants DOE DEPUTIES 1-5, and Does 6 through 10, inclusive, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE DEPUTIES 1-5, and Does 6 through 10, inclusive.

90.    Defendants DOE DEPUTIES 1-5 acted willfully, knowingly and purposefully and/or with deliberate indifference to deprive Plaintiff of his Constitutional Rights. As a result of the nature of Defendant DOE DEPUTIES' conduct, Plaintiff is entitled to recover punitive damages against the individual Defendants.

## SIXTH CLAIM FOR RELIEF

## MUNICIPAL LIABILITY FOR UNCONSTITUTIONAL CUSTOM OR POLICY (*MONELL*) - (42 U.S.C. § 1983)

**(By Plaintiff MARIA LOWRIE, as successor in interest to SERRANO, Against Defendants COUNTY, and DOES 6-10)**

91.    Plaintiff repeats and re-alleges each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

92.    On information and belief, Defendant DOE DEPUTIES 1-5, and Does 6 through 10, detained and seized SERRANO pursuant to RCSD policy, custom or

1    practice.

2    93.    On and for some time prior to December 15, 2020 (and continuing to

3    the present date), Defendants COUNTY, and DOES 6-10, acting with gross

4    negligence and with reckless and deliberate indifference to the rights and liberties of

5    the public in general, and of Plaintiff and DECEDENT, and of persons in their class,

6    situation and comparable position in particular, knowingly maintained, enforced and

7    applied an official recognized custom, policy, and practice of:

8        A. Permitting RCSD deputies to restrain individual in such a manner which

9            would cause asphyxiation and lead to death;

10       B. Employing and retaining as deputy sheriffs and other personnel, including

11           Defendants DOE DEPUTIES, and DOES 1-10 at all times material herein

12           knew or reasonably should have known had dangerous propensities for

13           abusing their authority and for mistreating citizens by failing to follow

14           written RCSD policies, including the use of excessive force;

15       C. Of inadequately supervising, training, controlling, assigning, and

16           disciplining COUNTY employees and other personnel, including

17           Defendants DOE DEPUTIES, whom Defendants COUNTY, RCSD, and

18           Does 1-10 knew or in the exercise of reasonable care should have known

19           had the aforementioned propensities and character traits, including the

20           propensity for violence and the use of excessive force;

21       D. By maintaining grossly inadequate procedures for reporting, supervising,

22           investigating, reviewing, disciplining and controlling the intentional

23           misconduct by Defendants DOE DEPUTIES, who are deputies and/or

24           agents of COUNTY and RCSD;

25       E. By failing to discipline COUNTY deputies' and/or agents' conduct,

26           including but not limited to, unlawful detention and excessive force;

27       F. By ratifying the intentional misconduct of Defendants DOE DEPUTIES

28           and other COUNTY deputies and/ or agents, who are COUNTY deputies

19

**SECOND AMENDED COMPLAINT FOR DAMAGES**

and/or agents of COUNTY;

G. By having and maintaining an unconstitutional policy, custom, and practice of detaining and arresting individuals without probable cause or reasonable suspicion, and using excessive force, including deadly force, which also is demonstrated by inadequate training regarding these subjects. The policies, customs, and practices of Defendants COUNTY and DOES 1-10 were maintained with a deliberate indifference to individuals' safety and rights; and

H. By failing to properly investigate claims of unlawful detention and excessive force by RCSD deputies.

94.    By reason of the policies and practices of Defendants COUNTY, RCSD, and DOES 1-10, DECEDENT was severely injured and subjected to pain and suffering and ultimately, lost his life. The aforementioned policies and practices of Defendants, including the custom, policy and practice of Defendant COUNTY in allowing its deputies to use unjustified and excessive force in killing unarmed and non-dangerous persons with no punishment for the involved deputies was a moving force that caused Defendants DOE DEPUTIES to use unreasonable deadly force on DECEDENT, who was also unarmed and did not present an imminent danger to Defendants or others.

95.    Defendants COUNTY and DOES 1-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Decedent, Plaintiff, and other individuals similarly situated.

///

**SECOND AMENDED COMPLAINT FOR DAMAGES**

96.     By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants DOES 1-10 acted with intentional, reckless, Plaintiff's constitutional rights. Furthermore, the policies, practices, and customs and callous disregard for the life of Decedent and for Decedent's and implemented, maintained, and still tolerated by Defendants COUNTY and Does 1-10 were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT and Plaintiff.

97.     The actions of each of Defendants DOES 1-10 were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities, and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOES 1-10.

98.     By reason of the acts and omissions of Defendants COUNTY and Does 1-10, Plaintiff were caused to incur damages as stated elsewhere herein.

99.     By reason of the acts and omissions of Defendants COUNTY and Does 1-10, Plaintiff have suffered loss of love, companionship, affection, comfort, care, society, and future support.

100.    Accordingly, Defendants COUNTY and DOES 1-10 each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

101.    Plaintiff seeks both wrongful death damages and survival damages under this claim. Plaintiff further claim all of Plaintiff's attorneys' fees and costs incurred and to be incurred in Plaintiff presenting, maintaining and prosecuting this action under 42 U.S.C. Section 1988.

## **SEVENTH CLAIM FOR RELIEF**

**FOR ASSAULT AND BATTERY CAUSING WRONGFUL DEATH**

**(By Plaintiff MARIA LOWRIE, as successor in interest to SERRANO, Against Defendants COUNTY, DOES 1-10, DOE SECURITY COMPANY, and DOES 11-15)**

///

102.   Plaintiff repeat and re-allege each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

103.   This claim for relief against as to the COUNTY is brought pursuant to section 820 and 815.2 of the Government Code. Pursuant to section 820 of the California Government Code, as a public employee, Defendants DOES 1-5, and DOES 6-10, inclusive, are liable for injuries caused by their acts or omissions to the same extent as a private person.

104.   Defendants COUNTY, DOE DEPUTIES 1-5, and DOES 6-10, inclusive, while working as deputies for COUNTY OF RIVERSIDE, and acting within the course and scope of their duties, intentionally struck, tackled, and restrained DECEDENT ERNIE SERRRANO. Defendants DOE DEPUTIES 1-5, and DOES 6 through 10, inclusive, had no legal justification for using the force they used against DECEDENT and the use of force was excessive and unreasonable. Defendants DOE DEPUTIES 1-5, DOES 6-10, inclusive, also had no legal justification for physically retraining ERNIE SERRANO in a position which restricted his breathing and ultimately killing ERNIE SERRANO.

105.   At all times herein mentioned, law enforcement officers in California were only allowed to use reasonable force to effect an arrest, prevent escape or overcome resistance. Defendants DOE DEPUTIES 1-5, and DOES 6-10, inclusive, committed an unconsented touching of DECEDENT and battered him when they used unreasonable and excessive deadly force when they physically restrained DECEDENT which caused his death.

106.   As a direct and proximate result of the actions of Defendants, Plaintiffs MARIA LOWRIE suffered the loss of her son, DECEDENT ERNIE SERRANO, including damages for the loss of DECEDENT's life-long love, companionship, comfort, care, assistance, protection, affection, society, moral support, training and guidance; loss of financial support, sustenance and earning capacity; loss of gifts and benefits; funeral and burial expenses; loss of the reasonable value of household

services; loss of relationship with DECEDENT, including loss of society and companionship and all other damages allowed under state law, including under California's "Wrongful Death" statue, <u>California Code of Civil Procedure</u> Section 377.60, et seq. and CACI 3921 "Wrongful Death (Death of an Adult)."

107.   COUNTY OF RIVERSIDE is vicariously liable for the wrongful acts of Defendants DOE DEPUTIES 1-5, and DOES 6-10, inclusive, pursuant to section 815.2(a) and 820 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's acts would subject him or her to liability. Plaintiff MARIA LOWRIE brings her claim as an heir at law of DECEDENT in wrongful death and as successor-in-interest to the DECEDENT and to The ESTATE OF ERNIE SERRANO, and seeks both survival and wrongful death damages for the violation of DECEDENT's rights.

108.   Furthermore, Defendants DOE SECURITY COMPANY, and DOES 11-12, inclusive, while on duty at STATER BROS. on December 15, 2020 at approximately 8:30 PM acted, intending to cause harmful and/or offensive conduct which caused SERRANO to reasonably believe that he was about to be touched in a harmful and/or

offensive manner.

109.   SERRANO did not consent to Defendant DOE SECURITY COMPANY' agent and/or security officer harmful and/or offensive conduct.

110.   SERRANO was harmed by Defendant DOE SECURITY COMPANY' agent and/or security officer harmful and/or offensive conduct.

111.   Furthermore, Defendant DOE SECURITY COMPANY' agent and/or security officer, thereafter, touched SERRANO with the intent to harm or offend him.

112.   SERRANO did not consent to Defendant DOE SECURITY COMPANY' agent and/or security officer touching him.

///

113.   SERRANO was harmed by Defendant DOE SECURITY COMPANY' agent and/or security officer unconsented touching.

114.   As a direct and proximate result of the actions of Defendant DOE SECURITY COMPANY, Plaintiff MARIA LOWRIE suffered the loss of her son, DECEDENT SERRANO, including damages for the loss of DECEDENT's life-long love, companionship, comfort, care, assistance, protection, affection, society, moral support, training and guidance; loss of financial support, sustenance and earning capacity; loss of gifts and benefits; funeral and burial expenses; loss of the reasonable value of household services; loss of relationship with DECEDENT, including loss of society and companionship and all other damages allowed under state law, including under California's "Wrongful Death" statue, California Code of Civil Procedure Section 377.60, et seq. and CACI 3921 "Wrongful Death (Death of an Adult)".

115.   DOE SECURITY COMPANY is vicariously liable for the wrongful acts of DOE SECURITY COMPANY' agent and/or security officer pursuant to *respondeat superior.* MARIA LOWRIE bring her claim individually as an heir at law of DECEDENT in wrongful death and as successor-in-interest to the DECEDENT and to The ESTATE SERRANO, and in each case, seeks both survival and wrongful death damages for the violation of DECEDENT's rights.

116.   As a direct and proximate result of the actions of Defendants, Plaintiff MARIA LOWRIE suffered the loss of her son, DECEDENT SERRANO, including damages for the loss of DECEDENT's life-long love, companionship, comfort, care, assistance, protection, affection, society, moral support, training and guidance; loss of financial support, sustenance and earning capacity; loss of gifts and benefits; funeral and burial expenses; loss of the reasonable value of household services; loss of relationship with Decedent, including loss of society and companionship and all other damages allowed under state law, including under California's "Wrongful Death" statue, California Code of Civil Procedure Section 377.60, et seq. and CACI 3921 "Wrongful Death (Death of an Adult)."

117.   The conduct of Defendants DOES 1-10, inclusive, and DOE SECURITY COMPANY' agent and/or security officer and was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff and DECEDENT, entitling Plaintiff MARIA LOWRIE individually and as a successors-in-interest to Decedent, to an award of exemplary and punitive damages as to Defendants DOES 1-5, and DOES 6 through 10, inclusive, DOE SECURITY COMPANY' agent and/or security officer, and DOES 11-12, inclusive.

## EIGHTH CLAIM FOR RELIEF

### FOR NEGLIGENCE CAUSING WRONGFUL DEATH

**(By Plaintiff MARIA LOWRIE, as successor in interest to SERRANO, Against Defendants COUNTY, DOES 1-10, STATER BROS, DOE SECURITY COMPANY, and DOES 11-15)**

118.   Plaintiff repeats and re-alleges each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

119.   This claim for relief against as to the COUNTY is brought pursuant to section 820 and 815.2 of the Government Code. Pursuant to section 820 of the California Government Code, as a public employee, Defendants DOE DEPUTIES 1-5, and DOES 6-10, inclusive, are liable for injuries caused by their acts or omissions to the same extent as a private person.

120.   The actions and inactions of Defendants, including the actions of Defendants DOE DEPUTIES 1-5, and DOES 6-10, inclusive, were negligent and reckless. At all times herein mentioned, among other things, Defendants DOE DEPUTIES 1-5, and DOES 6-10, inclusive, inclusive owed a duty to follow California law that provides that "Law enforcement personnel's tactical conduct and decisions preceding the use of deadly force are relevant considerations under California law in determining whether the use of deadly force gives rise to negligence liability. Such liability can arise, for example, if the tactical conduct and decisions show, as part of the totality of circumstances, that the use of deadly force was

unreasonable." Defendants DOE DEPUTIES 1-5, and DOES 6-10, inclusive, breached their duty and were negligent and unreasonable in their actions and inactions which included but are not limited to:

A.  The failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against DECEDENT ERNIE SERRANO;

B.  The negligent tactics and handling of the situation with DECEDENT ERNIE SERRANO, including pre-use and post-use of force negligence;

C.  The failure to use alternative means to take into custody including, but not limited to, time, space, verbalization, commands, hands on grappling, non-deadly impact weapons, less-than-lethal weapons and less-than-lethal force;

D.  The failure to follow their own training in that every peace officer in California certified by Peace Officer Standards and Training ("POST"), including Defendants DOE DEPUTIES 1-10, are required to only use force which is necessary to make an arrest or subdue an resistive person because peace officers are responsible, at all times, for the safety and well-being of person they take or attempt to into their custody. Properly trained peace officers understand improper restraining techniques can block the flow of air into the individual's lungs contributing to a life-threatening condition known as Positional, or Restraint, Asphyxia. Properly trained peace officers also understand they have multiple effective options available such as avoiding compression of the chest, rolling the subject over on his side, sitting or standing the subject up, proper hobbling methods (which excludes hogtying), sitting the subject upright in the police unit, summoning emergency medical services to the scene early so that chemical restraints may be employed, etc. Further, chest compression, the presence of stimulants or illicit drugs and the fact that many victims of positional/restraint asphyxia have been involved in physical exertion prior

to their restraint all work together to result in a scenario that can cause sudden death. Key risk factors include all or some of the following conditions: 1) Obesity; 2) Pre-existing medical conditions such as heart problems or head and neck injuries; 3) The length of any struggle; 4) The physical environment in which the struggle takes place; 5) Whether the suspect suffers from a mental condition; 6) Whether the suspect has been drinking alcohol; and 7) The presence of depressant or stimulant drugs;

E. The negligent detention, arrest, and use of force, including deadly force, against DECEDENT ERNIE SERRANO;

F. The failure to provide prompt medical care to DECEDENT ERNIE SERRANO;

G. The failure to properly train and supervise employees, both professional and non-professional, including Defendants DOES 1-5, and DOES 6-10, inclusive, including, but not limited to the failure to train to follow the RCSD Manual of Policies and Procedures;

H. The failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT ERNIE SERRANO; and

I. The violation of Defendant RSCD Department Manual of Policies, Procedures and training regarding foot pursuits, tactics and use of force; violation of other portions of the Manual, tactics and training and the failure to follow Police Officer Standards and Training (POST) guidelines and learning domains in regards to foot pursuits, tactics and use of force.

121.   As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died and lost earning capacity.

122.   As a direct and proximate result of the actions of Defendants, Plaintiff MARIA LOWRIE suffered the loss of her son, DECEDENT ERNIE SERRANO,

including damages for the loss of DECEDENT's life-long love, companionship, comfort, care, assistance, protection, affection, society, moral support, training and guidance; loss of financial support, sustenance and earning capacity; loss of gifts and benefits; funeral and burial expenses; loss of the reasonable value of household services; loss of relationship with Decedent, including loss of society and companionship and all other damages allowed under state law, including under California's "Wrongful Death" statue,  California Code of Civil Procedure Section 377.60, et seq. and CACI 3921 "Wrongful Death (Death of an Adult)."

123.   The COUNTY is vicariously liable for the wrongful acts of Defendants DOE DEPUTIES 1-5, and DOES 6-10, inclusive, pursuant to sections 815.2(a) and 820 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

124.   Furthermore, on December 15, 2020, Defendants STATER BROS., and DOES 13-15 also owed SERRANO a duty of care by virtue of his presence in the STATER BROS. market.

125.   Defendants STATER BROS., and DOES 13-15 breached their duty of care by doing the following:

      A. Permitting DOE SECURITY COMPANY' agent and/or security officer to assault and batter SERRANO, or otherwise permitting DOE SECURITY COMPANY' agent and/or security officer to engage in a physical struggle with SERRANO;

      B. Falsely and fraudulently reporting to RCSD that SERRANO committed an assault with a deadly weapon; and

      C. Permitting Defendants DOE DEPUTIES to enter STATER BROS. which then lead to the death of SERRANO.

126.   The actions and inactions of Defendants STATER BROS. and DOES 13-15, inclusive, were negligent.

**SECOND AMENDED COMPLAINT FOR DAMAGES**

127.   As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died.

128.   The Defendants' negligence as alleged above was a substantial factor in causing SERRANO to die inside the STATER BROS.

129.   As a direct and proximate result of the actions of Defendants, Plaintiff MARIA LOWRIE suffered the loss of her son, DECEDENT SERRANO, including damages for the loss of DECEDENT's life-long love, companionship, comfort, care, assistance, protection, affection, society, moral support, training and guidance; loss of financial support, sustenance and earning capacity; loss of gifts and benefits; funeral and burial expenses; loss of the reasonable value of household services; loss of relationship with Decedent, including loss of society and companionship and all other damages allowed under state law, including under California's "Wrongful Death" statue, California Code of Civil Procedure Section 377.60, et seq. and CACI 3921 "Wrongful Death (Death of an Adult)."

130.   The conduct of Defendants DOE DEPUTIES 1-5, DOES 6-10, inclusive,  STATER BROS., and DOES 13-15, inclusive, was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff and DECEDENT, entitling Plaintiff, individually and as successor-in-interest to DECEDENT, to an award of exemplary and punitive damages .

131.   Plaintiff MARIA LOWRIE brings her claim, individually as an heirs at law of DECEDENT in wrongful death and as successors-in-interest to the DECEDENT and to The ESTATE OF SERRANO, and seeks both survival and wrongful death damages for the violation of DECEDENT's rights.

///

///

///

///

## NINTH CLAIM FOR RELIEF

### VIOLATION OF CALIFORNIA CIVIL CODE SECTION 52.1

### (Tom Bane Act Violations)

### (By Plaintiff MARIA LOWRIE, as successor in interest to SERRANO, Against Defendants COUNTY, DOES 1-10, STATER BROS, DOE SECURITY COMPANY, and DOES 11-15)

132.   Plaintiffs repeats and re-alleges each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

133.   This claim for relief against as to the COUNTY is brought pursuant to section 52.1 of the California Civil Code.  The present action is also brought pursuant to section 820 and 815.2 of the Government Code. Pursuant to section 820 of the California Government Code, as a public employee, Defendants DOE DEPUTIES 1-5, DOES 6-10, inclusive, are liable for injuries caused by their acts or omissions to the same extent as a private person.

134.   At all times mentioned herein, Defendants DOE DEPUTIES 1-5, DOES 6-10, inclusive, were acting within the course and scope of their employment and/or agency with defendant COUNTY OF RIVERSIDE. As such defendant COUNTY OF RIVERSIDE is liable in respondent superior for the injuries caused by the acts and omissions of Defendants DOE DEPUTIES 1-5, DOES 6-10, inclusive, pursuant to section 815.2 of the California Government Code.

135.   Upon information and belief, on December 15, 2020, ERNIE SERRANO was surrendering to Defendants DOE DEPUTIES 1-5, DOES 6-10, inclusive,. Upon information and belief, ERNIE SERRANO was not posing a threat to the deputies not any members of the public when he was surrendering to Defendants DOES 1-5, DOES 6-10, inclusive.

136.   Instead of lawfully carrying out their duties, Defendants DOE DEPUTIES 1-5, DOES 6-10, inclusive, interfered with ERNIE SERRANO's right, as guaranteed by the Constitution, to be free from unreasonable searches and seizures

1   by threat, intimidation, and coercion as illustrated by how Defendants DOE

2   DEPUTIES 1-5, DOES 6-10, inclusive, placed ERNIE SERRANO in such a position

3   to constrict his breathing for over seven (7) minutes and then killing him.

4       137.   Up to the actual death of ERNIE SERRANO on December 15, 2020,

5   instead of lawfully carrying out their duties, Defendants DOE DEPUTIES 1-5, DOES

6   6-10, inclusive, also attempted to interfere with ERNIE SERRANO's right, as

7   guaranteed by the Constitution, to be free from unreasonable searches and seizures

8   by threat, intimidation, and coercion as illustrated by how Defendants DOE

9   DEPUTIES 1-5, DOES 6-10, inclusive, placed ERNIE SERRANO in such a position

10   to constrict his breathing for over seven (7) minutes and then killing him.

11       138.   Upon information and belief,  Defendants DOE DEPUTIES 1-5, DOES

12   6-10, inclusive, did in fact interfere with ERNIE SERRANO's constitutional rights

13   by threat, intimidation, and coercion by physically restraining him and not permitting

14   ERNIE SERRANO to breath.

15       139.   Upon information and belief Defendants DOE DEPUTIES 1-5, DOES

16   6-10, inclusive, also attempted to interfere with ERNIE SERRANO's constitutional

17   rights by threat, intimidation, and coercion by physically restraining him and not

18   permitting ERNIE SERRANO to breath.

19       140.   DECEDENT ERNIE SERRANO was subjected to excessive force by

20   Defendants DOE DEPUTIES 1-5, DOES 6-10, inclusive, in the form of placing

21   ERNIE SERRRANO in a position which constricted his breathing and caused him

22   serious personal injuries from which he eventually died. The use of force on ERNIE

23   SERRANO was unreasonable and unwarranted as the circumstances under which the

24   incident itself did not require the use of any force whatsoever. As an unreasonable

25   use of force, the incident constituted a violation of ERNIE SERRANO constitutional

26   rights against unreasonable searches and seizures protected by the Constitution of the

27   State of California.

28   ///

141.   Furthermore, upon information and belief, on December 15, 2020, Defendants STATER BROS, DOE SECURITY COMPANY, and DOES 11-15, inclusive,. Upon information and belief, ERNIE SERRANO was not posing a threat to the deputies not any members of the public when he was surrendering to Defendants DOE DEPUTIES 1-5, DOES 6-10, inclusive.

142.   All of the above acts and omissions of Defendants DOE DEPUTIES 1-5, DOES 6-10, STATER BROS, DOE SECURITY COMPANY, and DOES 11-15 inclusive were made with the intention to interfere with ERNIE SERRANO's rights in the form of threats, intimidation, and coercion.

143.   All of the above acts and omissions of Defendants DOES 1 through 15, inclusive were willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages to Plaintiffs as to said defendants.

144.   As a proximate result of the acts of Defendants DOE DEPUTIES 1-5, DOES 6-10, STATER BROS, DOE SECURITY COMPANY, and DOES 11-15 inclusive, ERNIE SERRANO suffered multiple personal injury, suffered from positional asphyxiation from which he eventually died.

145.   The above acts of defendants violated ERNIE SERRANO's civil rights as protected by section 52.1 of the Civil Code.

146.   As such, Plaintiffs MARIA LOWRIE is entitled to compensatory damages according to proof, including those permitted by Section 52 of the Civil Code, punitive and exemplary damages, the costs of suit incurred in this action, reasonable attorney's fees as permitted by the Civil Code section 52.1, and any other additional relief that the court deems proper.

///

///

///

///

///

**TENTH CLAIM FOR RELIEF**

**VIOLATION OF CALIFORNIA CIVIL CODE SECTION 51.7**

**(Ralph Civil Rights Act of 1976 Violations)**

**(By Plaintiff MARIA LOWRIE, as successor in interest to SERRANO, Against**

**Defendants COUNTY, DOES 1-10, STATER BROS, DOE SECURITY**

**COMPANY, and DOES 11-15)**

147.   Plaintiffs repeats and re-alleges each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

148.   This claim for relief against as to the COUNTY is brought pursuant to section 52.1 of the California Civil Code.  The present action is also brought pursuant to section 820 and 815.2 of the Government Code. Pursuant to section 820 of the California Government Code, as a public employee, Defendants DOE DEPUTIES 1-5, DOES 6-10, inclusive, are liable for injuries caused by their acts or omissions to the same extent as a private person.

149. On December 15, 2020, DOES 1-10, STATER BROS, DOE SECURITY COMPANY, and DOES 11-15 used violence and intimidation on ERNIE SERRANO based on ERNIE SERRANO's protected characteristic of age, race, national origin, clear, apparent vulnerability and mentally and/or physically disabled.

150.   Upon information and belief, a substantial and motivating reason for the DOES 1-10, STATER BROS, DOE SECURITY COMPANY, and DOES 11-15 use of violence and intimidation was because of Plaintiff's age, race, national origin, clear, apparent vulnerability and mentally and/or physically disabled in reckless disregard of ERNIE SERRANO's rights, accompanied by ill will or spite, and was executed with unnecessary harshness or severity warranting punitive damages.

151. Furthermore, COUNTY, DOES 1-10, STATER BROS, DOE SECURITY COMPANY, and DOES 11-15, inclusive, and each of them, conspired together to use violence and intimidation against ERNIE SERRANO on December

15, 2020. The substantial and motivating reason for COUNTY, DOES 1-10, STATER BROS, DOE SECURITY COMPANY, and DOES 11-15, inclusive, and each of them, to conspire to use of violence and intimidation was because of Plaintiff's age, race, national origin, clear, apparent vulnerability and mentally and/or physically disabled

152.   As a proximate result of the aforementioned acts of Defendants, and each of them, Plaintiff suffered damage in a sum according to proof, and is entitled to the general, special and exemplary damages, civil penalties against Defendants, statutory damages, and attorney's fees and costs provided by Civil Code section 52(b).

153.   Defendant COUNTY is vicariously liable for the wrongful acts of DOES 1-10 pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests entry of judgment in their favor and against Defendants as follows:

A. For compensatory damages, for wrongful death including damages for the loss of Decedent's life-long love, companionship, comfort, care, assistance, protection, affection, society; moral support; and the loss of relationship with Decedent, including loss of society, familial relationship and companionship in an amount according to proof at the time of trial;

B. For compensatory damages, for Survival for the mental, physical and emotional pain and suffering of Decedent in an amount according to proof at the time of trial;

C. For loss of financial support, sustenance and earning capacity in an amount according to proof at the time of trial;

**SECOND AMENDED COMPLAINT FOR DAMAGES**

D. For loss of gifts and benefits in an amount according to proof at the time of trial;

E. For punitive damages against the individual defendants in an amount to be proven at trial;

F. For interest;

G. For reasonable costs of this suit and attorneys' fees, including pursuant to 42 U.S.C. § 1988;

H. For reasonable costs of this suit and attorneys' fees, including pursuant to the Tom Bane Act, The Ralph Act, and other state statutes;

I. For civil penalties pursuant to the Ralph Civil Rights Act of 1976;

J. For all other damages allowed under federal and state law and;

K. For such further other relief as the Court may deem just, proper, and appropriate.

Respectfully Submitted,

Dated: July 23, 2021          **THE LAW OFFICES OF HUMBERTO GUIZAR**

By:    _/s/ Humberto Guizar_
HUMBERTO GUIZAR
CHRISTIAN CONTRERAS
Attorneys for Plaintiffs,
MARIA LOWRIE, individually,
And as successor in interest to ERNIE SERRANO

Dated: July 23, 2021          **KINGS JUSTICE LAW**

By:    _/s/ Stephen King_
STEPHEN KING
Attorneys for Plaintiffs,
MARIA LOWRIE, individually,
And as successor in interest to ERNIE SERRANO

**SECOND AMENDED COMPLAINT FOR DAMAGES**

1

2    **<u>DEMAND FOR JURY TRIAL</u>**

3    Plaintiff hereby demand a trial by jury.

4    Dated: July 23, 2021              **THE LAW OFFICES OF HUMBERTO GUIZAR**

5

6
                                       By:   */s/ Humberto Guizar*
7                                            HUMBERTO GUIZAR
                                             CHRISTIAN CONTRERAS
8                                            Attorneys for Plaintiffs,
                                             MARIA LOWRIE, individually,
9                                            And as successor in interest to ERNIE
                                             SERRANO
10
     Dated: July 23, 2021              **KINGS JUSTICE LAW**
11

12

13
                                       By:   */s/ Stephen King*
14                                           STEPHEN KING
                                             Attorneys for Plaintiffs,
15                                           MARIA LOWRIE, individually,
                                             And as successor in interest to ERNIE
16                                           SERRANO

17

18

19

20

21

22

23

24

25

26

27

28

**SECOND AMENDED COMPLAINT FOR DAMAGES**