Humberto M. Guizar, Esq., (SBN 125769)
 *hguizar@ghclegal.com*
Christian Contreras, Esq., (SBN 330269)
 *ccontreras@ghclegal.com*
**THE LAW OFFICES OF HUMBERTO GUIZAR**
**A PROFESSIONAL CORPORATION**
Justice X Building
3500 W. Beverly Blvd.,
Montebello, California 90640
Telephone: (323) 725-1151
Facsimile: (323) 597-0101

Stephen A. King, Esq., (SBN 224683)
 *sking@kingsjusticelaw.com*
**KINGS JUSTICE, LLC**
9401 Wilshire Blvd Ste. 608
Beverly Hills, CA 90212
Telephone: (323) 546-4529

Attorneys for Plaintiff,
MARIA LOWRIE, individually,
and as successor in interest to ERNIE SERRANO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA LOWRIE, Individually, and as Successor in Interest to ERNIE SERRANO, <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF RIVERSIDE, a legal subdivision of the State of California; DOE DEPUTIES 1-10, individually; STATER BROS. MARKETS, a California Corporation; DOE SECURITY COMPANY, an entity, and DOES 11-15, inclusive, <br><br> Defendants. | **CASE NO: 5:20-cv-02651-JWH-KK** <br> *[Hon. John W. Holcomb]* <br><br> **PLAINTIFF'S MOTION TO DISMISS CASE PURSUANT TO FRCP 41(a)(2); MEMORANDUM OF POINTS AND AUTHORTIES** <br><br> **DATE:** January 28, 2022 <br> **TIME:** 9:00 a.m. <br> **CTRM:** 2 (Riverside) <br><br> Action Filed: December 24, 2020 <br> Trial Date: September 6, 2022 |

i
**PLAINTIFF'S MOTION TO DISMISS CASE PURSUANT TO FCRP 41(a)(2)**

**TO THE COURT, DEFENDANTS, AND ALL INTERESTED PARTIES HEREIN:**

**PLEASE TAKE NOTICE THAT** on January 28, 2022, at 9:00 a.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable John W. Holcomb, located in the United States Courthouse, 3470 Twelfth Street, Courtroom 2, Riverside, CA 92501, Plaintiff MARIA LOWRIE, individually, and as successor in interest to ERNIE SERRANO will and hereby does moves to dismiss this case pursuant to Fed. R. Civ. P. 41(a)(2).

This motion is made on the grounds that Fed. R. Civ. P. 41(a)(2) permits this Court to dismiss this action if Defendants suffer no legal prejudice. Based upon Defendants not suffering any legal prejudice, Plaintiff seeks an Order dismissing this action without prejudice in order for Plaintiff to file state claims only in state court.

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place in person on December 17, 2021. Defendants refused to stipulate to dismiss pursuant to Fed. R. Civ. Proc. 41(a)(1)(A)(ii) necessitating the filing of the instant motion. *See* Dec. of Christian Contreras, ¶ 3.

This motion is based on the memorandum of points and authorities attached hereto, the pleadings and records on file with this Court, the attached declarations and exhibits, if any, and any matters of which the court may take judicial notice, and on such oral and documentary evidence as may be presented at the hearing of this Motion, if any

Dated: December 26, 2021        THE LAW OFFICES OF HUMBERTO GUIZAR
                                A Professional Corporation

                                By: _____/s/ Christian Contreras_____
                                HUMBERTO GUIZAR
                                CHRISTIAN CONTRERAS
                                Attorneys for Plaintiffs,
                                MARIA LOWRIE, individually,
                                And as successor in interest to ERNIE
                                SERRANO

# TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................... 1

II. PERTINENT PROCEDURAL HISTORY ............................................... 1

III.    LEGAL STANDARD ............................................................................. 3

IV.    ARGUMENT ........................................................................................... 3

   A. PLAINTIFF MOVES FOR A DISMISSAL PURSUANT TO FED. R. CIV. P. 41(a)(2). ................................................................................................. 3

   B. DEFENDANTS WILL NOT BE PREJUDICED BY THE DISMISSAL. ...... 4

     i. Defendants Will Not Be Prejudiced by The Loss of Federal Forum ............ 4

     ii. Defendants' Assertion of "Forum Shopping" is Inapplicable and the Case Law is Not Clear as to Whether Such is a Consideration. ............................... 5

     iii. Defendants Will Not Be Prejudiced by Dismissal Because They Sought to Continue All Dates and Deadlines in this Matter. ........................................... 6

     iv. All other Factors Further Establish that Defendants Will Not Be Prejudiced. ....................................................................................................... 7

V. CONCLUSION ........................................................................................ 8

# TABLE OF AUTHORITIES

**Cases**                                                                 Page(s)

*Alexander v. Franklin Resources, Inc.*,
  2007 WL 518859 (N.D. Cal. Feb. 14, 2007)..........................................................6

*Burnette v. Godshall*,
  828 F. Supp. 1439 (N.D. Cal. 1993) ...................................................................7

*Carrera v. First Am. Home Buyers Prot. Co.*,
  2012 WL 13012698 (C.D. Cal. Jan. 24, 2012) .....................................................6

*Durham v. Florida East Coast Railway Co.*,
  385 F.2d 366 (5th Cir. 1967)...............................................................................4

*Hamilton v. Firestone Tire & Rubber Co.*,
  679 F.2d 143 (9th Cir.1982).....................................................................3, 4, 5, 7

*Hyde & Drath v. Baker*,
  24 F.3d 1162 (9th Cir. 1994)...............................................................................7

*Jaramillo v. City of Los Angeles*,
  2017 WL 2835046 (C.D. Cal. June 29, 2017) .....................................................7

*Kern Oil & Refining Co. v. Tenneco Oil Co.*,
  792 F.2d 1380 (9th Cir.1986)...........................................................................5, 6

*Kurin, Inc. v. Magnolia Med. Techs., Inc.*,
  2021 WL 5823707 (9th Cir. Dec. 8, 2021) .........................................................7

*Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC*,
  548 F.3d 738 (9th Cir. 2008)...............................................................................3

*Smith v. Lenches*,
  263 F.3d 972 (9th Cir. 2001)...................................................................1, 3, 4, 5

*Stevedoring Servs. of Am. v. Armilla Int'l B.V.*,
  889 F.2d 919 (9th Cir. 1989)...............................................................................5

*Terrovona v. Kincheloe*,
  852 F.2d 424 (9th Cir. 1988)...............................................................................7

*Waller v. Fin. Corp. of Am.*,
  828 F.2d 579 (9th Cir.1987)................................................................................3

*Westlands Water Dist. v. United States*,
  100 F.3d 94 (9th Cir. 1996)..........................................................................4, 5, 8

Wilson v. City of San Jose,
  111 F.3d 688 (9th Cir. 1999)...............................................................................3

*Wireless Consumers*,
  2003 WL 22387598..............................................................................................6

*Zanowick v. Baxter Healthcare Corp.*,
  850 F.3d 1090 (9th Cir. 2017)..........................................................................4, 5

**Statutes**
28 USC Section 1367 ................................................................................................ 8

**Rules**

Federal Rule of Civil Procedure 41(a) ....................................................................... 3
Federal Rule of Civil Procedure 41(a)(1)(A)(ii) ..................................................... 1, 2
Federal Rule of Civil Procedure 41 (a)(1) ................................................................. 3
Federal Rule of Civil Procedure 41(a)(2) ....................................................... *Passim*

**PLAINTIFF'S MOTION TO DISMISS CASE PURSUANT TO FCRP 41(a)(2)**

# MEMORANDUM OF POINTS AND AUTHORITES

## I. INTRODUCTION

This is a civil rights action stemming from the unnecessary and tragic death of ERNIE SERRANO on December 15, 2020 by Riverside County Sheriff's Department deputies. Decedent ERNIE SERRANO (hereinafter sometimes "SERRANO") was killed by COUNTY deputies through positional asphyxiation.

The instant motion is brought because defense counsel refused to stipulate this action pursuant to Fed. R. Civ. Proc. 41(a)(1)(A)(ii). Therefore, Plaintiff moves the Court for an order of dismissal pursuant to Fed. R. Civ. Proc. 41(a)(2). Plaintiff seeks a dismissal in order to file this action in state court with state claims only. *See* Dec. of Christian Contreras, ¶ 3

As discussed below, "[a] district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). Defendants will not suffer any legal prejudice if this action is dismissed.

Accordingly, Plaintiff respectfully requests that this Court grant Plaintiff's motion.

## II. PERTINENT PROCEDURAL HISTORY

This action was filed in federal court on December 24, 2020. (Dkt. 1).

Defendant County answered on March 11, 2021. (Dkt. 15).

On May 14, 2021, this Court issued its civil trial scheduling order in this matter. (Dkt. 31).

On May 17, 2021, this Court gave effect to the parties' stipulation to stay the matter until July 30, 2021. (Dkt. 29).

On July 19, 2021, this Court denies Defendants' judgment on the pleadings regarding certain claims. (Dkt. 37).

On August 20, 2021, the individual defendants answered the operative complaint. (Dkt. 44).

1. On October 14, 2021, Defendants served their supplemental disclosures, which was the first type of substantive discovery which occurred in this case. Dec. of Christian Contreras, ¶ 4. Defendants served their initial disclosures on May 18, 2021. However, no documents, photographs, or substantive discovered were produced. Defendants' supplemental disclosures served on October 14, 2021 contained the autopsy report of ERNIE SERRANO and other investigative reports. Attached hereto as Exhibit 1 is Defendants' Supplemental Disclosures, without the documents attached.

2. On October 14, 2021, Defendants served their initials disclosures. Dec. of Christian Contreras, ¶ 4. Defendants' Initial Disclosures was the first type of discovery which occurred in this case. *Id.* Defendants' initial disclosures contained the autopsy report of ERNIE SERRANO and other investigative reports. *Id.*

3. On December 17, 2021, counsel for Defendants emailed counsel for Plaintiffs with a proposed stipulation to continue all dates. Counsel for Defendants stated in part, "[d]ue to numerous delays, as laid out in the attached stip, we believe a continuance of dates/deadlines is warranted in this case and would be of benefit to all parties. Please review the attached stipulation to modify the scheduling order and advise if you are agreeable to the same." Attached hereto as Exhibit 2 is the cover email. Attached hereto as Exhibit 3 is the proposed stipulation. *See* Dec. of Christian Contreras, ¶ 5.

4. On December 17, 2021, the deposition of medical examiner Dr. Mark A. Fajardo was taken. The deposition of was the first and only deposition occurred in this case. *See* Dec. of Christian Contreras, ¶ 6.

5. On December 17, 2021, the parties met and conferred after the deposition of Dr. Mark A. Fajardo. The subject of the meet and confer was for Defendants proposed stipulation to continue dates and Plaintiff's proposed stipulation to dismiss this action. Defense counsel refused to stipulate to dismiss pursuant to Fed. R. Civ. Proc. 41(a)(1)(A)(ii). *See* Dec. of Christian Contreras, ¶ 3.

There have been no other depositions taken aside from Dr. Mark A. Fajardo's deposition. *See* Dec. of Christian Contreras, ¶ 7.

There are no current pending dispositive motions. *Id.*

### III.   LEGAL STANDARD

A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result. *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir.1987); *see also Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145–46 (9th Cir.1982).

### IV.   ARGUMENT

**A. PLAINTIFF MOVES FOR A DISMISSAL PURSUANT TO FED. R. CIV. P. 41(a)(2).**

Federal Rule of Civil Procedure 41(a) "allows plaintiffs voluntarily to dismiss some or all of their claims against some or all defendants." *Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC*, 548 F.3d 738, 748 (9th Cir. 2008). Where a defendant has served an answer, but has not signed a stipulation to dismiss, a plaintiff's voluntary dismissal of an "action" must be affected through Federal Rule of Civil Procedure 41(a)(2). *See* Fed. R. Civ. Pro. 41(a); Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1999). Rule 41(a)(2) provides in pertinent part: "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

"A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). Such court-ordered voluntary dismissals are deemed to be without prejudice "[u]nless the order states otherwise...." Fed. R. Civ. P. 41(a)(2).

Here, based upon Defendants' refusal to stipulate to dismiss the federal claims, Plaintiff moves this Court for an order pursuant to Fed. R. Civ. P. 41(a)(2) dismissing

this case without prejudice. Plaintiff will file this case in state court without any federal claims. Further, as discussed in more detail below, Defendants will suffer no legal prejudice. Accordingly, Plaintiff's motion should be granted.

### B. DEFENDANTS WILL NOT BE PREJUDICED BY THE DISMISSAL.

Despite that Ninth Circuit "case law does not articulate a precise definition of 'legal prejudice,' the cases focus on the rights and defenses available to a defendant in future litigation" *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). The Ninth Circuit has held that "legal prejudice" means "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996).

The Ninth Circuit explained that "[u]ncertainty because a dispute remains unresolved" or because "the threat of future litigation ... causes uncertainty" does not result in plain legal prejudice. *Id*. at 96–97. "Plain legal prejudice, however, does not result simply when defendant faces the prospect of a second lawsuit or when plaintiff merely gains some tactical advantage. *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982) (citing *Durham v. Florida East Coast Railway Co.*, 385 F.2d 366, 368 (5th Cir. 1967); 5 J. Moore, J. Lucas & J. Wicker, Moore's Federal Practice P 41.05(1), at 41-72 to -73 (2d ed. 1981).

#### i.  Defendants Will Not Be Prejudiced by The Loss of Federal Forum

Defendants will likely assert legal prejudice by contending that they will be prejudiced because dismissal would result in loss of a federal forum. However, binding authority makes it clear that "while a change from federal to state court might create a tactical disadvantage to [defendant], that [is] not legal prejudice." *Zanowick v. Baxter Healthcare Corp.*, 850 F.3d 1090, 1093 n.2 (9th Cir. 2017); *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001)

While the Ninth Circuit has noted in dicta that loss of a federal forum is one of multiple factors considered by other circuit courts in determining legal prejudice, *see Westlands Water District v. United States*, 100 F.3d at 94, 97 (9th Cir. 1996),

there is no binding authority in which loss of a federal forum necessitated denial of a FRCP 41(a)(2) motion.

In *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) the Ninth Circuit ruled that district court did not abuse its discretion in dismissing under Rule 41(a)(2) plaintiff's complaint with prejudice to preclude plaintiff from asserting the claims in another forum, and dismissing without prejudice defendant's counterclaim. The Ninth Circuit noted that the moving party "was entitled to abandon the federal class action and federal claims after deciding that litigation on state law claims in state court was preferable for the interests of the class." *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001).

Here, like in *Lenches*, Plaintiff has decided that litigation non state law claims in state court is preferable to the interest of Plaintiff. In fact, such was made clear after obtaining all the discovery in this matter on October 14, 2021 and deciding that litigating this case in state court advances the interests of Plaintiff. Therefore, similarly to *Lenches*, Plaintiff seeks to litigate this case in state court.

    **ii.    Defendants' Assertion of "Forum Shopping" is Inapplicable and the Case Law is Not Clear as to Whether Such is a Consideration.**

Next, Defendants will likely also argue that Plaintiff is "forum shopping." However, some published cases in the Ninth Circuit with respect to voluntary dismissals make no mention of "forum shopping." *See Westlands Water District v. United States*, 100 F.3d 94 (9th Cir. 1996); *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143 (9th Cir. 1982); *Zanowick v. Baxter Healthcare Corp.*, 850 F.3d 1090 (9th Cir. 2017); *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919 (9th Cir. 1989). However, *Kern Oil & Refining Co. v. Tenneco Oil Co.*, 792 F.2d 1380, 1389–90 (9th Cir.1986) appears to be one of the only published Ninth Circuit opinions discussing forum shopping.

Nevertheless, "forum shopping" is not applicable here. Plaintiff is simply dismissing her federal claims completely and solely and only proceeding with state

claims in state court. Indeed, forum shopping could reasonably be inferred if the plaintiff files the same or similar case represented by the same law firm in a different district after receiving unfavorable rulings there. *See Carrera v. First Am. Home Buyers Prot. Co.*, No. CV 11-10242-GHK (FFMx), 2012 WL 13012698, at *6 (C.D. Cal. Jan. 24, 2012); *see also Alexander v. Franklin Resources, Inc.*, No. C 06–7121 SI, 2007 WL 518859, at *4 (N.D. Cal. Feb. 14, 2007). "[E]vidence of plaintiff's attempt to avoid a particular precedent from a particular judge weighs heavily in the context of [the interests of justice] and would often make the transfer of venue proper." *Wireless Consumers All.*, 2003 WL 22387598, at *5.

Here, Plaintiff is not seeking a voluntary dismissal to avoid "particular precedent from a particular judge." In fact, there have been no material rulings in this case to permit the Plaintiff to discern whether precedent should be avoided in this case.

Furthermore, *Kern Oil & Refining Co. v. Tenneco Oil Co.*, 792 F.2d 1380, 1389–90 (9th Cir.1986) is one of the only published Ninth Circuit discussing forum shopping in the Fed. R. Civ. P. 41(a)(2) context. In *Kern Oil & Refining Co.* the Ninth Circuit affirmed the district court's finding that "'Tenneco's [moving party] repeated requests to be allowed to dismiss Count IV without prejudice were made for the purpose of avoiding Judge Marshall and this Court and having the same claim heard by Judge Waters; thus, they constitute impermissible forum shopping.'" 792 F.2d 1380, 1389 (9th Cir. 1986). Indeed, the Ninth Circuit found that "[t]he circumstances of this case support the district court's finding that Tenneco was forum shopping. Id.

Here, unlike *Kern Oil & Refining Co.* Plaintiff is not voluntarily dismissing to avoid litigating this case before a specific judge. The facts in *Kern Oil & Refining Co.* are completely distinguishable to our case.

      **iii.**    **Defendants Will Not Be Prejudiced by Dismissal Because They Sought to Continue All Dates and Deadlines in this Matter.**

If Defendants assert that they will be prejudiced because they have begun trial

**PLAINTIFF'S MOTION TO DISMISS CASE PURSUANT TO FCRP 41(a)(2)**

preparation, such assertion is unsupported by facts or law. Plain legal prejudice is not established merely by asserting that a party has begun trial preparations. *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982). Legal prejudice does not result "when the dismissal may cause [the] defendant to incur substantial expense in preparing for trial." *Jaramillo v. City of Los Angeles*, No. CV161227DMGAFMX, 2017 WL 2835046, at *1 (C.D. Cal. June 29, 2017) (quoting *Burnette v. Godshall*, 828 F. Supp. 1439, 1443 (N.D. Cal. 1993)).

Here, it is clear that Defendants have not begun preparing for trial. Indeed, Defendants recently sought to enter into a stipulation to continue all dates in this matter including the trial date. *See* Exhibit 3. Defendants sought to continue the trial in this matter until December 6, 2022. *Id.* However, even if Defendants has begun to prepare for trial, there will still be a trial in the state court action. Therefore, Defendants have not begun trial preparation.

### iv. All other Factors Further Establish that Defendants Will Not Be Prejudiced.

First, a district court may consider whether the plaintiff has asked for a voluntary dismissal to avoid a likely adverse ruling. *Terrovona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988); *see also Kurin, Inc. v. Magnolia Med. Techs., Inc.*, No. 21-55025, 2021 WL 5823707, at *2 (9th Cir. Dec. 8, 2021). Here, there are no pending motions which can expose Plaintiff to an adverse ruling and as discussed above in the forum shopping section, Plaintiff has not been subjected to any adverse ruling. In fact, Plaintiff successfully opposed a motion for judgment on the pleadings in July 19, 2021. (Dkt. 37). Therefore, Plaintiff is not seeking a voluntary dismissal to avoid a likely adverse ruling.

Next, in *Hyde & Drath v. Baker*, 24 F.3d 1162, 1169 (9th Cir. 1994), as amended (July 25, 1994), the Ninth Circuit stated that a district court properly identified legal prejudice when the dismissal of a party would have rendered the remaining parties unable to conduct sufficient discovery to untangle complex fraud

claims and adequately defend themselves against charges of fraud. Here, no such reasoning is applicable in this case. Discovery will proceed in due course at the state level.

Finally, "in determining what will amount to legal prejudice, courts have examined whether a dismissal without prejudice would result in the loss of a federal forum, or the right to a jury trial, or a statute-of-limitations defense. *Westlands Water Dist. v. United States,* 100 F.3d 94, 97 (9th Cir. 1996). Here, Plaintiff will request a jury trial in the state court action and Defendants will also be able to request a jury trial so Defendants will not lose their right to a jury trial. Also, there will be no loss of a statute of limitation defense since this action has been timely filed and the filing of the state court action has been tolled. *See* 28 USC Section 1367.

## V.   CONCLUSION

Based on the foregoing, Plaintiff respectfully request that this Court grant Plaintiff's motion.

Dated: December 26, 2021        THE LAW OFFICES OF HUMBERTO GUIZAR
                                A Professional Corporation

                                By: _____
                                HUMBERTO GUIZAR
                                CHRISTIAN CONTRERAS
                                Attorneys for Plaintiffs,
                                MARIA LOWRIE, individually,
                                And as successor in interest to ERNIE SERRANO