UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:20-cv-02651-JWH-KKx | Date | January 18, 2022 |
| Title | *Maria Lowrie v. Riverside County, et al.* | | |

Present: The Honorable    JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    **ORDER FOR SUPPLEMENTAL BRIEFING REGARDING PLAINTIFF'S MOTION TO DISMISS CASE PURSUANT TO FRCP 41(a)(2) [ECF NO. 52] (IN CHAMBERS)**

       Before the Court is the motion of Plaintiff Maria Lowrie to dismiss this case pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.[1] Defendant County of Riverside opposes the Motion, in part because it fears that it would "lose the benefit of the operative protective order governing sensitive documents, potentially exposing confidential information to the public sphere," should the Motion be granted.[2]

       Under the Federal Rules of Civil Procedure, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41. The decision to grant a voluntary dismissal under Rule 41(a)(2) lies with the sound discretion of the Court. *See, e.g.*, *Kern Oil Refining Co. v. Tenneco Oil Co.*, 792 F.2d 1380, 1389 (9th Cir. 1986); *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982). "In exercising its

---

[1]     Pl.'s Mot. to Dismiss Case Pursuant to FRCP 41(a)(2) (the "Motion") [ECF No. 52].

[2]     Defs.' Opp'n to the Motion (the "Opposition") [ECF No. 53] 1:11-13.

discretion, the Court must make three separate determinations: (1) whether to allow dismissal at all; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed." *Hana Fin., Inc. v. Most Off. 7, Inc.*, 2015 WL 13357671, at *2 (C.D. Cal. July 9, 2015).

The Court appreciates the County's concerns regarding the confidential information involved with this lawsuit. An order protecting that information is paradigmatic of the terms and conditions that a court might impose under Rule 41(a)(2). *See, e.g.*, *Ohse v. Hoffman-La Roche, Inc*, 2002 WL 171989, at *2 (N.D. Ill. Feb. 4, 2002). Moreover, imposing such a term would cause no prejudice to Lowrie, as she avers in her Reply brief that she "will enter into any other stipulation or protective orders to preserve confidentiality."[3]

Accordingly, the Court **DIRECTS** the parties jointly to lodge a proposed protective order, no later than January 28, 2022, at 12:00 noon, regarding any or all confidential information.[4]

The Court, on its own motion [ECF No. 52], **CONTINUES** the video hearing on the Motion to February 11, 2022, at 9:00 am.

**IT IS SO ORDERED.**

---

[3] Pl.'s Reply to the Opposition (the "Reply") [ECF No. 55] 1:20-22.

[4] To be clear, the Court seeks input from the parties regarding a potential protective order without prejudging the merits of the Motion.